IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.  12-cr-00010-MSK-13

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**13.  COREY L. RILEY**,

        Defendant.

---

**MOTION TO DETAIN COREY L. RILEY  WITHOUT BOND**

---

The United States of America, by United States Attorney for the District of Colorado John F. Walsh, through Assistant United States Attorney Guy Till (Government), hereby enters the Government's Motion to Detain Defendant COREY L. RILEY (defendant) Without Bond pursuant to the terms of  Title 18 U.S.C. § 3142 (Motion).  The Government respectfully asks the Court to take judicial notice of the contents of its own file in this case.

    1.  The defendant has been charged with violations giving rise to the Title 18 U.S.C. § 3142 statutory presumption favoring detention without bond.  *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1990).  Other pertinent factors show the defendant is a risk of flight and a danger to the community.  The defendant is fully patched "christened"  of the Hell's Lovers Motorcycle Club (HLMC), a self styled "0%" "outlaw" motorcycle organization.  Upon information and belief, the defendant is a former "Western Clan President" for the HLMC and former "President" of the Colorado Chapter of the HLMC.   The HLMC has chapters in a number of states and is generally known as a criminal culture organization comprised of more than one

1

thousand members and associates. *See*: http://en.wikipedia.org/wiki/Hell's_Lovers. The HLMC has resources which could support the flight of a defendant from prosecution.

2. As to defendant COREY L. RILEY, the Indictment in the present case includes charges of violating Title 21 U.S.C. §§ 846 and 856 in Count Thirty-One, conspiracy to maintain and use drug-involved premises informally known as the HLMC clubhouse. On Friday night, January 20, 2012, co-defendant Richard W. Johnson was arrested by ATF on a federal warrant at the said HLMC clubhouse. At the time of his arrest, defendant Johnson was wearing a holster, and ATF special agents found ammunition on Johnson's person. A pistol consistent with the ammunition recovered from Johnson was found by ATF special agents on the floor of the HLMC clubhouse. When questioned about the holster, the pistol and the ammunition, defendant Johnson denied that the pistol found on the floor of the clubhouse was his pistol. Johnson explained that the pistol was a "clubhouse" weapon. Defendant Johnson explained he had ammunition for the pistol on his person because he was an "enforcer" for HLMC. Johnson stated a part of his duties as an "enforcer" was insuring the availability of ammunition for the clubhouse weapon. Johnson explained the holster Johnson was wearing went with his personal weapon, a Glock 9mm pistol, which Johnson did not bring to the clubhouse that evening. Johnson stated he left his Glock 9mm at his home because he had a bad feeling about the evening. As a person with a domestic violence conviction on his record, defendant Johnson is prohibited from possessing a firearm under Title 18 U.S. C. § 922(g)(9). A clubhouse firearm in a conspiracy to maintain or use a drug-involved premises case may be the basis for the Title 18 U.S.C. § 924(c) charge. Under the principles of *Pinkerton v. United States*, 328 U.S. 640 (1946), defendant COREY L. RILEY is legally responsible for the clubhouse firearm recovered by ATF special

agents on January 20, 2012.

    3.  The Government here states that many of the counts in the Indictment, including Counts Thirty-One and Thirty-Two, are based on an undercover ATF investigation which used a number of confidential human sources of information to develop evidence and make controlled purchases.  The confidential human sources of information cooperating with the ATF were able to advance the investigation because they were acquainted with this defendant and other members of the HLMC.  As an organization, the HLMC is know to use violence to achieve organizational objectives.  HLMC members are subject to physical assault for even a minor breach of HLMC rules.

    4.  Defendant COREY L. RILEY dealt directly with several ATF confidential sources of information and is charged in Counts Twelve through Twenty-Two based on ten recorded controlled purchases of cocaine where RILEY sold cocaine directly to one or more ATF confidential human source of information.

    5.  In July 2011, a search of COREY L. RILEY's residence at 2331 Pontiac Street, Denver, Colorado, a location several blocks north of the campus of Denver School of the Arts and the campus of Johnson and Wales University, resulted in the recovery of more than 300 grams of cocaine, more than 4 kilograms of marijuana, ammunition, and several loaded firearms in proximity to illegal drugs, drug paraphernalia, and more than $10,000.00.  Counts Twenty-Three through Twenty-Five relate to events in July 2011.  In Count Twenty-Five, RILEY is charged with violation of Title 18 U.S.C. § 924(c), possession of a firearm in furtherance of a drug trafficking crime.  The penalty range for Count Twenty-Five is five years to Life.

      6. Counts Twenty-Six and Twenty-Seven relate to an incident in 2007 where law enforcement in Nebraska recovered a kilogram of cocaine from a runner working for RILEY. Investigation disclosed RILEY met with the runner, upon occasion, at the Denver HLMC clubhouse and at RILEY's residence between 2005 and the date of the Nebraska interdiction. RILEY also met with the runner out of state when RILEY was traveling on a "national HLMC run." During the course of RILEY's involvement with the runner stopped in Nebraska, RILEY moved more than 5 kilograms of cocaine. The penalties for Count Twenty-Seven include a period of imprisonment of not less than ten years and not more than Life.

      7. The charges are serious, giving rise to the presumption favoring detention without bond. The penalties are substantial. The evidence is strong. The defendant has received substantial proceeds from drug trafficking, is a leader and organizer of more than five persons, and has held official HLMC positions during the period of concern. Additional charges may be forthcoming. The defendant has ties to HLMC members and associates in Colorado and other states who have resources to support the defendant's flight and evasion of prosecution if he were released on bond. Further, the safety and reasonable security of witnesses in this case, including the safety of confidential human source of information type witnesses, is of concern to the Government.

      8. In a case of this nature involving a civilian witness, such as a confidential human source of information known to the defendant, the Government respectfully submits that no conditions or combination of conditions of release can reasonably insure the safety of another person (the confidential informant witness) and the public.

WHEREFORE, the Government respectfully asks the Court to find no conditions or combination of conditions of pretrial release can reasonably assure the appearance of the defendant as required and the safety of the community or another person, thus giving effect to the presumptions favoring detention in Title 18 U.S.C. § 3142 in cases of this kind.  The Government respectfully asks the Court to enter an order detaining the defendant without bond pursuant to the  terms of Title 18 U.S.C. § 3142.

Respectfully submitted this 23rd day of January 2012.

JOHN F. WALSH
United States Attorney


BY: s/ Guy Till
GUY TILL
Assistant United States Attorney
United States Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-141
FAX: (303) 454-0401
E-mail: Guy.Till@usdoj.gov
Attorney for Government

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 23rd day of January, 2012, I electronically filed the foregoing **MOTION TO DETAIN COREY L. RILEY WITHOUT BOND** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

All counsel on record

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand deliver, etc.) indicated by the non-participant's name:

            By: s/ Debbie Azua-Dillehay
            DEBBIE AZUA-DILLEHAY
            Legal Assistant
            1225 Seventeenth Street, Suite 700
            Denver, Colorado 80202
            Telephone: (303) 454-0100
            Facsimile: (303) 454-0406
            E-mail: Debbie.Azua-Dillehay@usdoj.gov