IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 12-cr-00010-MSK

UNITED STATES OF AMERICA

    Plaintiff,

v.

COREY L. RILEY

    Defendant.

## ORDER OF DETENTION

THIS MATTER came before the Court for a detention hearing on January 26, 2012. Present were the following: Guy Till, Assistant United States Attorney, Harvey Steinberg, counsel for the defendant, and the defendant. The Court carefully considered the Pretrial Services Report and the arguments of counsel.

The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community, based upon the attached findings.

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 27th day of January, 2012.

                                                                        By the Court:

                                                                        s/Craig B. Shaffer
                                                                        Craig B. Shaffer
                                                                        United States Magistrate Judge

United States v. Corey L. Riley
Case Number 12-cr-00010-MSK

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or probable cause to believe the defendant committed a violation of 18 U.S.C. § 924(c), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18, U.S.C, § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

> [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> the weight of the evidence against the person;
>
> the history and characteristics of the person, including –
>
>> the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and
>
> the nature and seriousness of the danger to any person or the community that

would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the Pretrial Services Report and entire court file. I have also considered the information presented during the detention hearing on January 26, 2012 and the arguments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged with violations of 21 U.S.C. § 856 [maintaining a drug-involved premises], 21 U.S.C. § 841(a)(1) [possession with intent to distribute cocaine], 21 U.S.. § 841(a)(1) [possession with intent to distribute marijuana], 18 U.S.C. § 924(c) [possessing a firearm in furtherance of a drug trafficking felony offense], 21 U.S.C. § 841(a)(1) [possession with intent to distribute more than 500 grams of cocaine], 21 U.S.C. §§ 846 and 841 [conspiracy to distribute more than 5 kilograms of cocaine], and 21 U.S.C. §§ 846 and 856(a)(1) [conspiracy to use and maintain a drug-involved premises]. Several of these offenses are crimes prescribed by the Controlled Substance Act that carry a maximum term of imprisonment of over ten years. The grand jury has found probable cause to believe these offenses were committed by the defendant. This court finds that the defendant failed to rebut the presumption that no condition or combination of conditions will reasonably assure his appearance as required or the safety of the community.

During the detention hearing on January 26, 2012, government counsel advised the court that during a recent search of the defendant's residence, law enforcement officers found several firearms. None of those weapons appeared to be registered to the defendant. Government counsel also provided the court with photographs of the defendant that government counsel represented were taken during one of the illegal drug transactions charged in this case.

Second, I note the defendant's history and personal characteristics. Weighing in his favor, the defendant's mother and stepfather reside in the Denver metro area, as do two of his siblings (one of whom is a co-defendant in this case). The defendant also is a life-long resident of Colorado. The defendant has been in a relationship for the past 18 months, and the defendant has been residing with this person in a home she purchased in 2002. She has indicated that she would be willing to use the equity in this property to secure bond for the defendant. The defendant's employment history shows continuous employment for much of 2011. It appears the defendant was unemployed in 2009 and 2010 after a previous employer went out of business.

Finally, the defendant's criminal record reveals two separate convictions in 1987 for assault and battery, and a conviction in 1988 for criminal mischief. The defendant has several other arrests and/or convictions for relatively minor offenses. Pretrial Services indicates the defendant has been cited on five occasions for failure to appear and on three occasions for failure to pay court-ordered financial obligations.

After considering all of these factors, I conclude that there is clear and convincing evidence that no condition or combination of conditions for release will reasonably assure the safety of the community. I further find, by a preponderance of evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant. In particular, I note the statutory presumption governing this case and the apparent weight of the

government's evidence.  The court's findings also take into consideration the charged violation under 18 U.S.C. § 924(a), the defendant's past convictions for assaultive behavior, and the discovery of several firearms in the defendant's residence during a recent search.  Finally, I find there is a significant threat of flight given the short duration of the defendant's current employment and the substantial penalties (including, for one charged offense, not less than 10 years and not more than life imprisonment) that could be imposed if the defendant were found guilty of the offenses charged in this case.