**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case Number: 12-cr-00010-MSK-13

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

1.    GEORGE H. ASKEW,
2.    ROMELL E. BULLOCK,
3.    GREGORY A. COLLINS,
4.    GEORGE A. GADDY,
5.    DELBERT J. GARDNER,
6.    RICHARD W. JOHNSON,
7.    SHEPS H. KHAMSAHU,
8.    ERIC LUGO,
9.    LAWRENCE T. MARTIN,
10.   JOHNIE A. MYERS,
11.   DARRELL R. PARKER,
12.   CALVIN L. RILEY,
13.   **COREY L. RILEY**,
14.   THOMAS A. ACHRAH, JR.,
15.   JAMES R. SWITZER, AND
16.   CLIFFORD M. WRIGHT,

Defendants.

---

**MOTION FOR *DE NOVO* REVIEW OF MAGISTRATE JUDGE SHAFFER'S ORDER OF DETENTION AND TO ADMIT DEFENDANT TO BOND**

---

Comes now the Defendant, Corey Riley, by and through his attorney, Ariel Z. Benjamin, of the law firm of Springer and Steinberg, P.C., moves this Court to review the Order of Detention (Doc. 84) issued against him under its jurisdiction pursuant to 18 U.S.C. § 3145 and admit him to bond.

**AS GROUNDS THEREFOR**, the Defendant states as follows:

- 1 -

1. Magistrate Judge Craig B. Shaffer issued an Order of Detention against the Defendant on January 27, 2012 in the United States District Court for the District of Colorado (Doc. 84). This Order foreclosed the Defendant's ability to attain pretrial release as no bond amount was set. Furthermore, the Order was based on an unduly harsh interpretation of the factors to consider when determining whether to detain or release defendants prior to trial as set out in 18 U.S.C. § 3142.

2. The district court reviews *de novo* a magistrate's order of release or detention. *United States v. Rogers*, 371 F.3d 1225 (10th Cir. 2004); *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). The district court makes its own *de novo* determinations of the facts and legal conclusions without deference to the magistrate judge's findings. *United States v. Koenig,* 912 F.2d 1190, 1192 (9th Cir. 1990); *United States v. Ruiz-Corral*, 338 F.Supp.2d 1195 (D. Colo. 2004); *United States v. Lutz*, 207 F.Supp.2d 1247, 1251 (D. Kan. 2002).

3. When reviewing an order for detention, it is within the district court's discretion to "start from scratch" and follow the procedures for taking relevant evidence. *United States v. Torres,* 929 F.2d 291, 292 (7th Cir. 1991); *See Lutz*, 207 F.Supp.2d at 1251. The district court may conduct evidentiary hearings and these hearings are not necessarily limited to situations where new evidence is being offered. *Koenig*, 912 F.2d at 1193.

4. Under 18 U.S.C. § 3142, a defendant is to be denied release if no conditions exist which assure the Court that the defendant will appear as he is required to and that

the safety of other persons and the safety of the community will not be adversely affected by his release.

5. Magistrate Judge Shaffer's Order predicates detention on the Defendant's insignificant criminal history, the fact that he was unemployed for a short period during an economic downturn in which unemployment has topped 10% nationwide, the crimes the Defendant is alleged to have committed in this case and their associated penalties, and the prosecution's suggestions as to the strength of their evidence against the Defendant. Further, Magistrate Judge Shaffer indicates that the Defendant failed to rebut the presumption that no condition or combination of conditions exist which would assure his appearance as required or the safety of the community. The Defendant submits that, based on the factors detailed above detention was not warranted. The Defendant further submits that he did not fail to rebut the presumption that no condition or combination of conditions exist which assure his appearance as required and the safety of the community.

6. In regard to the Defendant's family, as noted in the in Magistrate Judge Shaffer's order, the Defendant's family lives in Colorado. The Defendant has lived his entire life in Colorado and has been living with his fiancée and her daughter for 18 months and contributes to the household expenses. The Defendant's fiancée owns her home and has agreed to secure the Defendant's bond with the equity in her home. Finally, the suggestion that because the Defendant was unemployed in 2009 and 2010 after his previous employer went out of business and has therefore only been in his current position for approximately one year would weigh toward

the Defendant being a flight risk ignores the current economic climate. With extraordinarily high unemployment nationally and in Colorado, the fact that the Defendant is employed and has been for nearly a year should carry substantial weight. The conditions of the Defendant's overall family and community situation weigh heavily in favor of the required pre-release assurances.

7. In addition to the above-described details, the Defendant is suffering from ongoing health issues which require constant medication and supervision by his doctor. Apart from his ties to the community in the traditional sense as described above, the Defendant also is tied to his doctors and other caregivers here in Colorado.

8. Given the realities of the Defendant's life and his ties to the community, the likelihood he would flee and leave his family, employment and medical caregivers behind is very low.  The prosecution must prove risk of flight by a preponderance of the evidence. *Ruiz-Corral*, *supra*.  The government has failed to establish that Defendant is a flight risk by a preponderance of the evidence.

9. The Defendant is ready and willing to abide by all bond conditions as would be set by this Court.

10. Review under 18 U.S.C. § 3145 is necessary to determine whether further detention of the Defendant is necessary or proper.

**WHEREFORE**, the Defendant moves the Court, under 18 U.S.C. § 3145, to review the Order of Detention entered against him and admit him to bond, as evidence provides a reasonable assurance that he will appear as required and the safety of the other

- 5 -

persons and the community will be maintained if he is released on bond. Defendant requests an expedited hearing to determine this motion.

Dated this 27th day of February, 2012.

Respectfully submitted,

s/Ariel Z. Benjamin
Ariel Z. Benjamin
Springer & Steinberg, P.C.
Attorneys for Corey Riley
1600 Broadway, Suite 1200
Denver, CO 80202
(303)861-2800 Telephone
(303)832-7116 Telecopier
law@springersteinberg.com

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of February, 2012, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**AUSA Guy Till**
Email: guy.till@usdoj.gov

                s/Casey Ambrose
                Casey Ambrose
                for Ariel Z. Benjamin
                Springer and Steinberg, P.C.
                Attorneys for Corey Riley
                1600 Broadway, Suite 1200
                Denver, CO 80202
                (303)861-2800 Telephone
                (303)832-7116 Telecopier
                law@springersteinberg.com