IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  12-cr-00010-MSK

UNITED STATES OF AMERICA,

          Plaintiff,

v.


1.  GEORGE H. ASKEW,
2.   ROMELL E. BULLOCK,
3.  GREGORY A. COLLINS,
4.  GEORGE A. GADDY,
5.   DELBERT J. GARDNER,
6.  RICHARD W. JOHNSON,
7.  SHEPS H. KHAMSAHU,
8.  ERIC LUGO,
9.  LAWRENCE T. MARTIN,
10.  JOHNIE A. MYERS,
11.  DARRELL R. PARKER,
12.  CALVIN R. RILEY,
**13.  COREY L. RILEY,**
14.  THOMAS A. SCHRAH, JR.,
15.  JAMES R. SWITZER, and
16.  CLIFFORD M. WRIGHT,

          Defendants.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT COREY L. RILEY'S
MOTION FOR *DE NOVO* REVIEW OF MAGISTRATE JUDGE SHAFFER'S
ORDER OF DETENTION AND TO ADMIT DEFENDANT TO BOND (#258)**

The United States of America, by United States Attorney John F. Walsh, through

the undersigned Assistant United States Attorney (Government), respectfully submits this

response to Defendant Corey L. Riley's Motion for De Novo Review of Magistrate Judge

Shaffer's Order of Detention and to Admit Defendant to Bond (#258)(Motion).  The

1

Government respectfully states and represents to the Court as follows:

1. The defendant was detained without bond pursuant to the Order of Detention (#84) entered on January 26, 2012. The Motion was filed February 27, 2012, and set for hearing to on March 2, 2012. The hearing was re-set at the request of the defense to April 6, 2012 at 3:30 p.m. (#281).

2. The Government provided an exhibit book to the defense containing exhibits for the hearing approximately two weeks ago. The Government has been calling the defense to determine the defense position as to the admissibility of the exhibits for the purposes of the Motion over the last week. Upon information and belief, the defense attorney has been out of state and has not yet had a chance to consider the proposed Government exhibits. The Government intends to proceed by way of proffer supported by exhibits at the hearing. The Government will ask the Court to take notice of items in the record in the case, to include the Indictment (#1) and Superseding Indictment (#180). *See* Title 18 U.S.C. § 3142(f); *United States v. Delker*, 757 F.2d 1390 (3d Cir. 1985).

3. In response to the Motion, the Government respectfully asserts the Magistrate Judge's ruling is well supported. Although the Court in a *de novo* proceeding will reach an independent conclusion, the Court may utilize the factual and evidentiary record developed in the proceedings before the Magistrate Judge. *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985). The defense fails to appreciate the effect of the statutory presumption favoring detention in a case of this kind. The defendant has been indicted for firearms and controlled substance violations spanning a number of years. The charges themselves give rise to the presumption the defendant should be detained without bond pursuant Title 18 U.S.C. § 3142(e) and (f). Even if a defendant introduces some evidence

tending to rebut a presumption, Section 3142(e)(3)(A) presumptions favoring detention remain an active factor for the Court's consideration. *United States v. Rodriguez*, 950 F.2d 95, 88 (2d Cir. 1991). In its report accompanying the Comprehensive Crime Control Act of 1984, Senate report No. 98-225, reprinted in the U.S. Code Cong. & Ad. News, pp. 3182, et seq., the Senate Committee on the Judiciary explained at length the concept of pretrial detention as provided under Section 3142(e). The concern about safety is to be given a broader construction than the mere danger of physical violence. Safety of the community "refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *Id.* at 3195. Where a person has been involved in a pattern of drug trafficking over a period of years, the Government submits it is reasonable to find the person is likely to continue in that pattern of activity. It is also important in a case of this kind, where an organization with many members and associates involved in criminal activity has been investigated by the use of cooperating human sources of information, that the portion of the Section 3142(e)(2) presumption concerning "the safety of another person" take into account the vulnerable status of a civilian witness offering assistance to law enforcement in relation to persons involved in such an organization.

    4. One of the factors to be considered under the Bail reform Act is the strength of the evidence in relation to the charges. In general, the underlying investigation in this case began in June 2007 after a drug courier was caught in Nebraska traveling east with a kilogram of cocaine. The courier had obtained the kilogram of cocaine in Denver from Corey L. Riley. That kilogram of cocaine is the subject of Count Twenty-Six. In June 2007, Corey L. Riley was president of the Colorado chapter Hell's Lovers Motorcycle Club (HLMC). The courier caught in Nebraska was introduced to Corey L, Riley by a member

of the HLMC from a different state.  On the courier's first trip to Denver, Corey L. Riley met with the courier and the out of state HLMC member at the Colorado chapter HLMC club house to discuss the distribution of cocaine.  The HLMC is a self described "Zero percent" outlaw motorcycle gang.  The HLMC has chapters in a number of states. The HLMC functions as a secretive oligarchy, managed by a national board of directors, also known as the "Corrupt Crew."    The board of directors appoints officers in the HLMC. Investigation discloses that, as "outlaws," HLMC members chronically tend to engage in conduct which violates State and federal laws.  Some of the unlawful conduct takes place in the presence of other HLMC members and reflects collective behavior – some of the unlawful conduct represents the initiative of an individual or a clique acting more or less independently.  By 2009, federal investigators were concerned HLMC members or associates were involved in weapons violations and crimes of violence in addition to illegal drug related crimes.  Investigators proceeded by the use of confidential human sources of information and an undercover agent.  In 2010 and 2011 a number of controlled purchased of cocaine were made from Corey L. Riley.  These controlled purchases have been indicted as Count Eleven through Count Twenty-Two.  A delayed notice Rule 41 search warrant was executed in July of 2011, resulting in the recovery of a number of weapons, more than 8 pounds of marijuana, and more than 300 grams of cocaine from the Park Hill residence of Corey L. Riley.  Counts Twenty-Three through Twenty-Six relate to the events and seizures at the residence of Corey L. Riley in July 2011.  A sealed indictment was returned on or about January 9, 2012.  The investigation eventually resulted in the execution of six federal search warrants on or about January 20, 2012.   More than 100 marijuana plants, records, and a number of firearms were recovered at locations searched.

5. The indictment names the defendant in nineteen counts reflecting a sustained pattern of criminal activity. The Government contends the doctrine of complicity in Title 18 U.S.C. § 2 and principles of shared responsibility for reasonably foreseeable acts apply in this case under *Pinkerton v. United States*, 328 U.S. 640 (1946). *See* 10th Circuit Pattern Instructions (2010) §2.21 (person in a conspiracy is responsible for reasonably foreseeable substantive acts of co-conspirators).   *See also United States v. Edwards*, 36 F.3d 639, 644 (7th Cir. 1994). *Cf. United States v. Bindley*, 1157 F.3d 1235, 1238 (10th Cir. 1998). In Count Twenty-Seven the defendant is charged with conspiracy to distribute more than 5 kilograms of cocaine. In County Twenty-Five the defendant is charged with possession of a firearm in furtherance of a Title 21 felony offense. *See United States v. Stricklin*, 932 F. 2d 1353, 1354-55 (10th Cir. 1991).

6. The presumptions favoring detention in cases like the one at bar represent Congressional findings of fact concerning persons who deal in drugs or commit firearms violations and the problems of assuring their presence at trial and the safety of the community. Congress was concerned that persons like defendant have the financial means, criminal contacts, and reason to flee and pose a danger to the community or another person. *See United States v. Perez-Franco*, 839 F.2d 867, 869 (1st Cir. 1988). The Senate Committee considering the Bail Reform Act stated:

> The drug offenses involve either trafficking in opiates or narcotic drugs,... It is well known that drug trafficking is carried on to an unusual degree by persons engaged in continuing patterns of criminal activity... Because of the extremely lucrative nature of drug trafficking, and the fact that drug traffickers often have established substantial ties outside the United States from whence most dangerous drugs are imported into the country, these persons have both the resources and foreign contacts to escape to other countries to avoid prosecution for offense punishable by lengthy prison sentences.

Senate Comm. on the Judiciary, S. Rep. No. 98-225, 98th Cong., 1st Sess. 20. Operation of the rebuttable presumptions of dangerousness and flight risk shifts the burden to defendant to produce some evidence tending to show that while Congress' general distrust of drug defendants is acknowledged, in this particular instance defendant should not be considered a member of that general class of defendants warranting detention because of risk of flight or danger to the community or another person. *See United States v. Cook*, 880 F.2d 1158, 1160-61 (10th Cir. 1989).

7. Wherefore, pursuant to the statutory presumptions favoring pretrial detention in a case of this nature, and in light of the circumstances this defendant and of this case as reflected in the Court's own files and the Government's proffer, the Government respectfully petitions the Court to order the defendant held without bond at this time.

Respectfully submitted this 5th day of April 2012.

          JOHN F. WALSH
          UNITED STATES ATTORNEY

By:   *s/ Guy Till*
      GUY TILL
      Assistant U.S. Attorney
      United States Attorney's Office
      1225 17th St., # 700
      Denver, Colorado 80203
      Telephone: 303-454-0100
      Facsimile: 303-454-0409
      E:mail: Guy.Till@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on this 5th day of April, 2012, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT COREY L. RILEY'S MOTION FOR *DE NOVO* REVIEW OF MAGISTRATE JUDGE SHAFFER'S ORDER OF DETENTION AND TO ADMIT DEFENDANT TO BOND (#258)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

      By: s/ Lisa Vargas
      LISA VARGAS
      Legal Assistant
      1225 Seventeenth Street, Suite 700
      Denver, Colorado 80202
      Telephone:  (303) 454-0100
      Facsimile:  (303) 454-0406
      E-mail: Lisa.Vargas@usdoj.gov