UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number: 12-cr-00010-MSK-13

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

1. GEORGE H. ASKEW,
2. ROMELL E. BULLOCK,
3. GREGORY A. COLLINS,
4. GEORGE A. GADDY,
5. DELBERT J. GARDNER,
6. RICHARD W. JOHNSON,
7. SHEPS H. KHAMSAHU,
8. ERIC LUGO,
9. LAWRENCE T. MARTIN,
10. JOHNIE A. MYERS,
11. DARRELL R. PARKER,
12. CALVIN L. RILEY,
13. **COREY L. RILEY**,
14. THOMAS A. ACHRAH, JR.,
15. JAMES R. SWITZER,  AND
16. CLIFFORD M. WRIGHT,

Defendants.

**DEFENDANT'S MOTION FOR PRODUCTION OF *BRUTON* AND RULE 801(d)(2)(E) MATERIALS AND MOTION FOR PRETRIAL DETERMINATION OF ADMISSIBILITY OF ALLEGED CO-CONSPIRATOR STATEMENTS**

Comes now the Defendant, Corey Riley, by and through his attorney, Ariel Z. Benjamin, of the law firm of Springer and Steinberg, P.C., and pursuant to F.R.Crim.P. 12, Federal Rule of Evidence 801(d)(2)(E), and *Bruton v. United States*, 391 U.S. 123 (1968), hereby moves this Honorable Court for the entry of an Order requiring the Government to produce any and all evidence regarding statements of any co-defendant, charged or uncharged co-conspirator, or

alleged accomplice in this case. The Defendant further moves for a pretrial determination of the admissibility of any alleged co-conspirator statements which the Government intends to offer at trial.

**AS GROUNDS THEREFOR**, the Defendant states as follows:

1. The Defendant is charged by Indictment with, among other things, conspiracy to distribute more than five kilograms of cocaine and conspiracy to use and maintain a drug-involved premises.

2. It is anticipated that the Government will assert that indicted and unindicted individuals were co-conspirators with the Defendant in the illegal activity that is alleged in the Indictment.

3. The Defendant requests an Order directing the prosecution to disclose any and all evidence regarding statements of any co-defendant, any charged or uncharged co-conspirator, or any alleged accomplice in this case so that the Court may resolve questions of admissibility.

4. In order for any alleged co-conspirator statements to be admissible, the prosecution must show by a preponderance of the evidence that a conspiracy existed, that the defendant against whom the statement is to be admitted was a member of the conspiracy, and that the co-conspirator statements were made during the course of and in furtherance of the conspiracy. *United States v. Peterson*, 611 F.2d 1313 (10th Cir. 1979).

5. Pursuant to *United States v. James*, 590 F.2d 575 (5th Cir., 1979), the Defendant moves the Court to conduct a pretrial evidentiary hearing to determine the admissibility of any statements by alleged co-conspirators.

Notwithstanding the United States Supreme Court decisions in *Bourjaily v. United States*, 483 U.S. 171 (1987) and *United States v. Inadi*, 475 U.S. 357, 394 (1986), the Defendant submits that a pretrial hearing at which the government must adduce evidence that a conspiracy existed, that the Defendant was a part of the conspiracy, and that the proffered statements were made in the course of and in furtherance of the conspiracy would enhance the orderly progression of this case and avoid potential confusion at trial.

6. A pretrial determination of the admissibility of such statements will insure: 1) that these statements are clearly identified prior to trial, 2) that all counsel have adequate opportunity to stipulate to the admissibility of these statements or to litigate their admissibility, and 3) that this court has sufficient time and information for research, reflection, and a determination of the admissibility of Rule 801(d)(2)(E) statements. *See Bourjaily v. United States*, *supra*; *United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 455 (1994).

7. Such pretrial determination of the admissibility of Rule 801(d)(2)(E) statements has been specifically approved by the Tenth Circuit. "We have held that the preferred order of proof in determining the admissibility of coconspirator statements is first for the district court to hold a James hearing, … ." *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996) (citing *United States v. James*, 590 F.2d 575 (5th Cir.) (*en banc*), *cert. denied*, 442 U.S. 917 (1979).

8. To fully and effectively prepare to meet any government arguments for the admissibility of statements against them pursuant to Federal Rule of Evidence 801(d)(2)(E), Defendants request that he be apprised of those statements the government seeks to introduce pursuant to Rule 801(d)(2)(E) in advance of the James hearing. The admissibility of any statements produced or designated can be litigated at the substantive motions hearing or such other time as the Court deems appropriate after affording notice to the parties.

**WHEREFORE**, the Defendant prays that the relief requested be granted, and for such further relief as the court may deem just and proper.

Dated this 27th day of April, 2012.

                Respectfully submitted,

                s/Ariel Z. Benjamin
                Ariel Z. Benjamin
                Springer & Steinberg, P.C.
                Attorneys for Corey Riley
                1600 Broadway, Suite 1200
                Denver, CO 80202
                (303)861-2800 Telephone
                (303)832-7116 Telecopier
                law@springersteinberg.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of April, 2012, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**AUSA Guy Till**
Email: guy.till@usdoj.gov

                                              s/Casey Ambrose
                                              Casey Ambrose
                                              for Ariel Z. Benjamin
                                              Springer and Steinberg, P.C.
                                              Attorneys for Corey Riley
                                              1600 Broadway, Suite 1200
                                              Denver, CO 80202
                                              (303)861-2800 Telephone
                                              (303)832-7116 Telecopier
                                              law@springersteinberg.com