UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number: 12-cr-00010-MSK-13

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

1. GEORGE H. ASKEW,
2. ROMELL E. BULLOCK,
3. GREGORY A. COLLINS,
4. GEORGE A. GADDY,
5. DELBERT J. GARDNER,
6. RICHARD W. JOHNSON,
7. SHEPS H. KHAMSAHU,
8. ERIC LUGO,
9. LAWRENCE T. MARTIN,
10. JOHNIE A. MYERS,
11. DARRELL R. PARKER,
12. CALVIN L. RILEY,
13. **COREY L. RILEY**,
14. THOMAS A. ACHRAH, JR.,
15. JAMES R. SWITZER,  AND
16. CLIFFORD M. WRIGHT,

Defendants.

**MOTION TO DISCLOSE IDENTITY OF INFORMANTS (WITH AUTHORITY)**

Comes now, the Defendant, Corey Riley, by and through his attorney, Ariel Z. Benjamin, of the law firm of Springer and Steinberg, P.C., and hereby moves this Honorable Court for the entry of an Order requiring the United States Government to disclose to the Defendant, in advance of Trial, the matters, or classes of matters, and all information or documents pertaining thereto, as are hereinafter set forth.  Further, the Defendant requests that the Government affirm or deny the existence of the discovery

sought herein to avoid confusion regarding whether a document exists and has not been disclosed or that a document exists and has been overlooked.

The Defendant requests that he be allowed to inspect and copy the following:

1. Defendant requests the Government to disclose the identity and whereabouts of confidential Government informant whose testimony the Government intends to offer at the trial or who were utilized during the instant case investigation. This request encompasses any informant:

   a. who was an eyewitness to any of the offenses charged in the indictment;

   b. who was participant in any of the offenses charged in the indictment;

   c. whose testimony is offered in an attempt to establish any wrongful conduct of the Defendant not alleged in the indictment; or

   d. who provided information which resulted in the targeting of any of the Defendants in the investigation.

**AS GROUNDS THEREFOR**, the Defendant states as follows:

Disclosure of the informer's identity is required if the identity of the informant would be relevant or helpful to the defense, or essential to a fair determination of the cause. *Roviaro v. United States*, 353 U.S. 53 (1957).

Only the Government has knowledge of the status of a confidential informant within categories a, b, c, and d above. While the disclosure of the identity of such informants can usually not be required in the absence of a special showing by the Defendant that the Defendant needs the testimony of the informant for some purpose, voluntary disclosure by the Government should be encouraged for fundamental fairness,

and to avoid a deprivation of due process of law to the Defendant. *United States v. Opager,* 589 F.2d 799, 804-06 (5th Cir. 1979).

While a witness is free to refuse a Defendant's request for an interview, it is a "different matter for the Government to place a defendant at a tactical disadvantage by reserving to itself alone the ability to request an interview with a material witness." *U.S. v. Fischel,* 686 F.2d 1082, 1092 (5th Cir. 1982). Witnesses are the property of neither party and both parties ought to have equal access. Gregory v. U.S., 369 F.2d 185, 188 (D.C. Cir. 1966).

In the instant case, a review of the discovery provided thus far reveals that the Government relied a great deal on confidential informants in this case. Most of the information gathered by the government in this case is from confidential sources. The discovery provided is heavily redacted especially as it relates to these sources. This lack of information impermissibly interferes with the Defendant's ability to prepare his Defense. Consequently, the Defendant requests the above-listed information.

**WHEREFORE,** the Defendant prays for the relief requested, and for such other and further relief as to the Court seems just and proper in the premises.

Dated this 27th day of April, 2012.

                        Respectfully submitted,

                        s/Ariel Z. Benjamin
                        Ariel Z. Benjamin
                        Springer & Steinberg, P.C.
                        Attorneys for Corey Riley
                        1600 Broadway, Suite 1200
                        Denver, CO 80202
                        (303)861-2800 Telephone
                        (303)832-7116 Telecopier
                        law@springersteinberg.com

- 4 -

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of April, 2012, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**AUSA Guy Till**
Email: guy.till@usdoj.gov

                s/Casey Ambrose
                Casey Ambrose
                for Ariel Z. Benjamin
                Springer and Steinberg, P.C.
                Attorneys for Corey Riley
                1600 Broadway, Suite 1200
                Denver, CO 80202
                (303)861-2800 Telephone
                (303)832-7116 Telecopier
                law@springersteinberg.com