**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case Number: 12-cr-00010-MSK-13

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

1. GEORGE H. ASKEW,
2. ROMELL E. BULLOCK,
3. GREGORY A. COLLINS,
4. GEORGE A. GADDY,
5. DELBERT J. GARDNER,
6. RICHARD W. JOHNSON,
7. SHEPS H. KHAMSAHU,
8. ERIC LUGO,
9. LAWRENCE T. MARTIN,
10. JOHNIE A. MYERS,
11. DARRELL R. PARKER,
12. CALVIN L. RILEY,
13. **COREY L. RILEY**,
14. THOMAS A. ACHRAH, JR.,
15. JAMES R. SWITZER, AND
16. CLIFFORD M. WRIGHT,

Defendants.

**MOTION TO COMPEL DISCLOSURE OF EXISTENCE AND SUBSTANCE OF PROMISES OF IMMUNITY, LENIENCY OR PREFERENTIAL TREATMENT**

Comes now the Defendant, Corey Riley, by and through his attorney, Ariel Z. Benjamin, of the law firm of Springer and Steinberg, P.C., and hereby moves this Honorable Court for the entry of an Order requiring the Government to disclose the following information:

1. The existence, substance and the manner of execution or fulfillment of any promises, agreements, understandings or arrangements, either verbal or written, between

- 1 -

the Government and any prosecution witness or informant or cooperating defendant or co-conspirator, either indicted or unindicted, or his or her attorney or representative, wherein the Government has agreed:

    a.    Not to prosecute the witness for any crime(s);

    b.    To provide a formal grant of statutory immunity or an informal grant of immunity in connection with any testimony given by him or her;

    c.    To recommend leniency in sentencing for any crime or crimes for which he or she is convicted;

    d.    To recommend a particular sentence for any crime or crimes for which he or she is convicted;

    e.    To make any other recommendations as a benefit or to give any other consideration to him or her.

    f.    In the case of a co-defendant in this action, to allow such defendant to plead guilty to a lesser charge or to a lesser number of charges than that contained in the Indictment against him/her.

2.    The Defendant further requests he be made aware of:

    a.    The full nature and extent of all immunity granted to the informant or cooperating witness including, but not limited to, the nature and details of all crimes for which the immunity was granted;

    b.    Whether any consideration has been given or promised to this person by the prosecution or any agency of the United States or

      any other political entity; and if so, the nature and details of the consideration given or promises made;

c. Whether any threats or force was used to make or induce this individual to relate the information upon which the prosecution or other law enforcement officials predicated the arrest or indictment of the Defendant herein;

d. The prior criminal record of any informant, source, cooperating witness, co-defendant or co-conspirator in this case;

e. Any other compensation or remuneration paid to any informant or co-conspirator whether indicted or unindicted in this case;

f. As to all Government witnesses, the prior criminal record of each;

g. As to all Government witnesses, the full nature and extent of all immunity granted to each witness, including, but not limited to, the nature and details of all crimes for which the immunity was granted.

h. As to all Government witnesses, whether any consideration has been given or promised to any witness by the prosecution or any agency of the United States or any other law enforcement prosecuting office or agency; and if so, the nature and details of said consideration given or promises made;

i. All records, notes memoranda or documents relating to any of the above requests.

3. All information concerning disciplinary actions taken against any law enforcement officers who may testify in this matter as said actions relate to conduct concerning his or her integrity, responsibilities or competency.

**AS GROUNDS FOR THIS MOTION,** the Defendant submits that courts have consistently held that in attempting to establish motives or bias of Government witnesses, a defendant may elicit evidence showing that the Government has made express or implied promises of immunity from prosecution, leniency in sentencing or other preferential treatment in return for the witness' or informant's cooperation and agreement to testify for the prosecution. *United States v. Partin*, 493 F.2d 750 (5th Cir. 1974); *United States v. Campbell,* 426 F.2d 547 (2nd Cir. 1970); *Hughes v. United States*, 427 F.2d 66 (9th Cir. 1970).

Where trial courts have sought to limit the scope of cross-examination and the presentation of evidence of such matters, reviewing courts have tended to view such limitations as reversible error. *United States v. Greenburg,* 423 F.2d 1106 (5th Cir. 1970); *Grant v. United States*, 368 F.2d 658 (5th Cir. 1966).

The Supreme Court has adopted a position requiring expanded disclosure of promises of immunity, leniency and preferential treatment to Government witnesses, and has imposed upon the Government the burden of insuring that disclosure of such promises is made to a Defendant. In *Giglio v. United States*, 405 U.S. 105 (1972), the defendant was convicted of passing forged money orders and was sentenced to five years imprisonment. Subsequent to the conviction, Defendant's attorney discovered new evidence indicating that the Government had failed to disclose a promise made to its key witness that he would not be prosecuted if he testified for the Government. In reversing

the conviction under the due process criteria of *Brady v. Maryland*, 373 U.S. 83 (1963), the Court in *Giglio* stated that since:

> "...credibility was therefore an important issue in the case, any evidence of any understanding or agreement as to future prosecution would be relevant to his credibility and the jury was entitled to know it." Id., at 766.

The Defendant submits that the holding in *Giglio* requires the type of disclosure he now seeks. While it is true that *Giglio* does not appear to establish a particular time for disclosure of promises of immunity, leniency or preferential treatment, or the implementation thereof, the Defendant requests such disclosure be made immediately.

**WHEREFORE**, the Defendant prays for the relief requested, and for such other and further relief as to the Court seems just and proper in the premises.

Dated this 27th day of April, 2012.

                         Respectfully submitted,

                         s/Ariel Z. Benjamin
                         Ariel Z. Benjamin
                         Springer & Steinberg, P.C.
                         Attorneys for Corey Riley
                         1600 Broadway, Suite 1200
                         Denver, CO 80202
                         (303)861-2800 Telephone
                         (303)832-7116 Telecopier
                         law@springersteinberg.com

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of April, 2012, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**AUSA Guy Till**
Email: guy.till@usdoj.gov

        s/Casey Ambrose
        Casey Ambrose
        for Ariel Z. Benjamin
        Springer and Steinberg, P.C.
        Attorneys for Corey Riley
        1600 Broadway, Suite 1200
        Denver, CO 80202
        (303)861-2800 Telephone
        (303)832-7116 Telecopier
        law@springersteinberg.com