UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number: 12-cr-00010-MSK-13

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

1. GEORGE H. ASKEW,
2. ROMELL E. BULLOCK,
3. GREGORY A. COLLINS,
4. GEORGE A. GADDY,
5. DELBERT J. GARDNER,
6. RICHARD W. JOHNSON,
7. SHEPS H. KHAMSAHU,
8. ERIC LUGO,
9. LAWRENCE T. MARTIN,
10. JOHNIE A. MYERS,
11. DARRELL R. PARKER,
12. CALVIN L. RILEY,
13. **COREY L. RILEY**,
14. THOMAS A. ACHRAH, JR.,
15. JAMES R. SWITZER, AND
16. CLIFFORD M. WRIGHT,

Defendants.

## MOTION TO SEVER

The Defendant, Corey Riley, by and through his attorney, Ariel Z. Benjamin, of the law firm of Springer and Steinberg, P.C., hereby moves this Court to sever his trial from the trial of others involved in this matter.

**AS GROUNDS THEREFOR**, the Defendant states as follows:

1. Pursuant to Fed.R.Crim.P. 8, *Joinder of Offenses or Defendants*, subsection (b) states that the indictment or information may charge 2 or more defendants if they

are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense. However, Fed.R.Crim.P. 14, *Relief from Prejudicial Joinder*, subsection (a) states that if the joinder of offenses or defendants in an indictment, information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendant's trials, or provide any other relief that justice requires.

2. Absent a showing of clear prejudice, a joint trial of the defendants who are charged with a single conspiracy in the same indictment is favored where proof of the charge is predicated upon the same evidence and alleged facts. *United States v. Hack*, 782 F.2d 862, 870-71 (10th Cir. 1986). In *Zafiro v. United States*, 506 U.S. 534, 539 (1993), the Supreme Court explained that a district court should grant a severance under Rule 14 of Federal Criminal Procedure if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

3. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, the risk of prejudice

is heightened. Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice.

4. Here, while some crimes were alleged to be part of a conspiracy, others are charged against one co-defendant and have no connection to the charges against this Defendant. Other defendants are alleged to have made self-incriminating statements unrelated to the Defendant.

5. In this case, the risk of prejudice is extraordinary as evidence against co-defendants wholly unrelated would be admitted where it would be inadmissible against the Defendant at a separate trial. There is no legal rule that would allow this evidence to come into the Defendant's trial. Any jury would try to connect this information to the Defendant and a jury instruction would not cure this prejudice.

**WHEREFORE**, based on the foregoing, the Defendant respectfully moves that his trial should be severed from the remaining defendants in this case and for such other and further relief as to this Court seems just in the premises.

Dated this 27th day of April, 2012.

Respectfully submitted,

s/Ariel Z. Benjamin
Ariel Z. Benjamin
Springer & Steinberg, P.C.
Attorneys for Corey Riley
1600 Broadway, Suite 1200
Denver, CO 80202
(303)861-2800 Telephone
(303)832-7116 Telecopier
law@springersteinberg.com

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of April, 2012, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**AUSA Guy Till**
Email: guy.till@usdoj.gov

                                                       s/Casey Ambrose
                                                       Casey Ambrose
                                                       for Ariel Z. Benjamin
                                                       Springer and Steinberg, P.C.
                                                       Attorneys for Corey Riley
                                                       1600 Broadway, Suite 1200
                                                       Denver, CO 80202
                                                       (303)861-2800 Telephone
                                                       (303)832-7116 Telecopier
                                                       law@springersteinberg.com