UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number: 12-cr-00010-MSK-13

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

1. GEORGE H. ASKEW,
2. ROMELL E. BULLOCK,
3. GREGORY A. COLLINS,
4. GEORGE A. GADDY,
5. DELBERT J. GARDNER,
6. RICHARD W. JOHNSON,
7. SHEPS H. KHAMSAHU,
8. ERIC LUGO,
9. LAWRENCE T. MARTIN,
10. JOHNIE A. MYERS,
11. DARRELL R. PARKER,
12. CALVIN L. RILEY,
13. **COREY L. RILEY**,
14. THOMAS A. ACHRAH, JR.,
15. JAMES R. SWITZER, AND
16. CLIFFORD M. WRIGHT,

Defendants.

**MOTION TO SUPPRESS FRUITS OF WARRANTLESS SEARCH (GPS)**

The Defendant, Corey Riley, by and through his attorney, Ariel Z. Benjamin, of the law firm of Springer and Steinberg, P.C., hereby moves this Court for the entry of an Order suppressing from use as evidence at trial any information obtained as a result of the installation of a Global Positioning System (GPS) tracking device on the Defendant's vehicle and any evidence derived therefrom.

**AS GROUNDS THEREFOR**, the Defendant states as follows:

1. On October 8, 2009, the Government clandestinely attached a GPS device to the Defendant's 2002 Chevy Tahoe. This device remained in place until the Government removed it in the same fashion on October 22, 2009. The Defendant had a reasonable expectation of privacy as it relates to his vehicle and his movement therein.

2. "It is a first principle of Fourth Amendment jurisprudence that the police may not conduct a search unless they first convince a neutral magistrate that there is probable cause to do so.'' *New York v. Belton*, 453 U.S. 454, 457 (1981).

3. For Fourth Amendment purposes, "the Government's installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a 'search.'" *United States v. Jones*, 132 S.Ct. 945, 949 (2012).

4. Where, as here, no warrant was obtained before a search was conducted, the burden is on the Government to show that an exemption from the Fourth Amendment warrant requirement existed in this instance. *See McDonald v. United States*, 335 U.S. 451, 456 (1948); *United States v. Jeffers*, 342 U.S. 48, 51 (1951).

5. Where no exception exists, the warrantless search is unreasonable. See *Flippo v. West Virginia*, 528 U.S. 11, 13 (1999) ("A warrantless search by the police is invalid unless it falls within one of the narrow and well-delineated exceptions to the warrant requirement.").

6. The appropriate remedy to cure an unreasonable Fourth Amendment violation is exclusion of that evidence.

> The Government cannot violate the Fourth Amendment—in the only way in which the Government can do anything, namely

> through its agents—and use the fruits of such unlawful conduct to secure a conviction. Nor can the Government make indirect use of such evidence for its case, or support a conviction on evidence obtained through leads from the unlawfully obtained evidence. … All these methods are outlawed, and convictions obtained by means of them are invalidated, because they encourage the kind of society that is obnoxious to free men.

*Walder v. United States*, 347 U.S. 62, 64–65 (1954).

7. The Government made no attempt to secure a warrant before attaching a GPS device to the Defendant's vehicle. Further, there was no exigency which would prevent the Government from seeking a warrant for this search from a neutral magistrate. Finally, no other exception from the Fourth Amendment warrant requirement existed here. Consequently, this search was unreasonable and the GPS evidence and fruits of that evidence must be excluded.

8. The Defendant seeks a hearing on this motion.

**WHEREFORE**, the Defendant prays for the relief requested and for such other and further relief as to this Court seems just in the premises.

Dated this 27th day of April, 2012.

Respectfully submitted,

s/Ariel Z. Benjamin
Ariel Z. Benjamin
Springer & Steinberg, P.C.
Attorneys for Corey Riley
1600 Broadway, Suite 1200
Denver, CO 80202
(303)861-2800 Telephone
(303)832-7116 Telecopier
law@springersteinberg.com

- 4 -

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of April, 2012, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**AUSA Guy Till**
Email: guy.till@usdoj.gov

              s/Casey Ambrose
              Casey Ambrose
              for Ariel Z. Benjamin
              Springer and Steinberg, P.C.
              Attorneys for Corey Riley
              1600 Broadway, Suite 1200
              Denver, CO 80202
              (303)861-2800 Telephone
              (303)832-7116 Telecopier
              law@springersteinberg.com