UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number: 12-cr-00010-MSK-13

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

1. GEORGE H. ASKEW,
2. ROMELL E. BULLOCK,
3. GREGORY A. COLLINS,
4. GEORGE A. GADDY,
5. DELBERT J. GARDNER,
6. RICHARD W. JOHNSON,
7. SHEPS H. KHAMSAHU,
8. ERIC LUGO,
9. LAWRENCE T. MARTIN,
10. JOHNIE A. MYERS,
11. DARRELL R. PARKER,
12. CALVIN L. RILEY,
13. **COREY L. RILEY**,
14. THOMAS A. ACHRAH, JR.,
15. JAMES R. SWITZER, AND
16. CLIFFORD M. WRIGHT,

Defendants.

## MOTION TO SUPPRESS STATEMENTS

Comes now the Defendant, Corey Riley, by and through his attorney, Ariel Z. Benjamin, of the law firm of Springer and Steinberg, P.C., and hereby moves this Court for the entry of an Order suppressing from use as evidence at trial any statements made by this Defendant to law enforcement agents during the course of this investigation, following his detention and release or following his arrest.

**AS GROUNDS THEREFOR,** the Defendant states as follows:

1. The Defendant is alleged to have made statements to law enforcement in this case. A review of the discovery provided reveals that no statements alleged to have been made by the Defendant were made voluntarily.

2. These statements, confessions, admissions or tacit admissions attributed to or made by the Defendant are the result of an illegal arrest and unlawful search and seizure, were involuntary, were made prior to a waiver of his constitutional rights as embodied in the Fifth and Sixth Amendments to the United States Constitution and/or were the result of entrapment or overreaching deportment by federal officers or individuals operating under their direction and control. Further these statements were made in violation of the holding of *Miranda v. Arizona*, 384 U.S. 436 (1966) and its progeny.

3. However, even when a defendant's *Miranda* rights are not violated, the court must still conduct a Fifth Amendment inquiry into the voluntariness of any statement before it is admissible at trial. *United States v. Roman-Zarate*, 115 F.3d 778, 783 (10th Cir. 1997). This is premised upon the Due Process concerns that involuntary statements be excluded because our legal system "is an accusatorial and not an inquisitorial system." *Rogers v. Richmond*, 365 U.S. 534, 541 (1961).

4. To permit the presentation of an involuntary statement against a defendant at trial, would deprive him of his due process of law. *Jackson v. Denno*, 378 U.S. 368, 376 (1964). For a confession "must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence." *Bramm v. United States*, 168 U.S. 532, 542-43 (1897).

5. In evaluating the voluntariness of a defendant's statement, the inquiry is whether the statement was extracted by a direct or implied promise by government personnel. *United States v. Fountain*, 776 F.2d 878, 881 (10th Cir. 1985). This is done by looking at the totality of the circumstances. *United States v. Glover*, 104 F.3d 1570, 1579 (10th Cir. 1997). In this regard, "a promise of leniency is relevant to determining whether a confession was voluntary and, depending on the totality of the circumstances, may render a confession coerced." *Clayton v. Cooper*, 129 F.3d 1147, 1158-59 (10th Cir. 1997).

6. Factors to be considered when evaluating the voluntariness of a statement include: (1) age, intelligence, and education of the defendant; (2) the length of any detention; (3) the length and nature of questioning; (4) whether the defendant was advised of his constitutional rights; (5) whether the defendant was subjected to any physical punishment; and (6) the tactics, if any, employed by the officers. *Id.* See also *United States v. Chalan*, 812 F.2d 1302, 1307 (10th Cir. 1987).

7. To introduce the statements against the Defendant, the government must independently establish that those statements were made by the Defendant voluntarily. *United States v. San Roman-Zarate*, 115 F.3d 778, 783 (10th Cir. 1997); *United States v. Chalan*, 812 F.2d 1302, 1307 (10th Cir. 1987). A defendant's statement to law enforcement personnel may be challenged on the grounds that it was not voluntarily made. See, e.g., *Arizona v. Fulminante*, 499 U.S. 279, 287-291 (1991).

8. This rule has its source in the Due Process Clause of the United States Constitution. U.S. CONST. amend. XIV. Involuntary statements are excluded from evidence:

> not because such confessions are unlikely to be true but because the methods used to extract them offend an underlying principle in the enforcement of our criminal law: that ours is an accusatorial and not an inquisitorial system – a system in which the State must establish guilt by evidence independently and freely secured and may not by coercion prove its charge against an accused out of his own mouth.

*Rogers v. Richmond*, 365 U.S. 534, 541 (1961). A defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary statement, without regard for the truth or falsity of the statement, and even though there is ample evidence aside from the statement to support the conviction. *Jackson v. Denno*, 378 U.S. 368, 376 (1964).

9. The Defendant moves this Court to suppress statements and further requests an evidentiary hearing on this motion.

**WHEREFORE**, the Defendant requests that the relief requested be granted, that any derivative evidence be suppressed, that the Court grant a hearing on the issue of "voluntariness" pursuant to 18 U.S.C. § 3501, and for any further relief that this Court may deem just and proper in the premises.

Dated this 27th day of April, 2012.

Respectfully submitted,

s/Ariel Z. Benjamin
Ariel Z. Benjamin
Springer & Steinberg, P.C.
Attorneys for Corey Riley
1600 Broadway, Suite 1200
Denver, CO 80202
(303)861-2800 Telephone
(303)832-7116 Telecopier
law@springersteinberg.com

- 4 -

- 5 -

### CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of April, 2012, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**AUSA Guy Till**
Email: guy.till@usdoj.gov

              s/Casey Ambrose
              Casey Ambrose
              for Ariel Z. Benjamin
              Springer and Steinberg, P.C.
              Attorneys for Corey Riley
              1600 Broadway, Suite 1200
              Denver, CO 80202
              (303)861-2800 Telephone
              (303)832-7116 Telecopier
              law@springersteinberg.com