UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number: 12-cr-00010-MSK-13

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

1. GEORGE H. ASKEW,
2. ROMELL E. BULLOCK,
3. GREGORY A. COLLINS,
4. GEORGE A. GADDY,
5. DELBERT J. GARDNER,
6. RICHARD W. JOHNSON,
7. SHEPS H. KHAMSAHU,
8. ERIC LUGO,
9. LAWRENCE T. MARTIN**,**
10. JOHNIE A. MYERS,
11. DARRELL R. PARKER,
12. CALVIN L. RILEY,
**13. COREY L. RILEY**,
14. THOMAS A. ACHRAH, JR.,
15. JAMES R. SWITZER, AND
16. CLIFFORD M. WRIGHT,

Defendants.

---

### MOTION TO SUPPRESS FRUITS OF ILLEGAL SEARCHES PURSUANT TO WARRANTS

---

Comes now the Defendant, Corey Riley, by and through his attorney, Ariel Z. Benjamin, of the law firm of Springer and Steinberg, P.C., and respectfully moves this Honorable Court to enter an Order suppressing from introduction into evidence at the time of trial the fruits of three illegal searches conducted in connection with this case.

**AS GROUNDS THEREFOR** the Defendant states as follows:

- 1 -

1. In the instant case, the Government obtained three search warrants relevant to this motion:

   a. The first warrant was a federal warrant for the search of the Defendant's home at 2331 Pontiac Street in Denver, Colorado. It was obtained on July 7, 2011 and executed on July 14, 2011, a copy of which is attached hereto as Defendant's Exhibit A.

   b. The second warrant was a federal warrant for the subsequent search of the home the Defendant later lived in with his girlfriend located at 17021 Bennett Drive in Parker, Colorado. It was obtained on January 18, 2012 and executed on January 20, 2012, a copy of which is attached hereto as Defendant's Exhibit B.

   c. The third warrant was a federal warrant for the search of the clubhouse for the Defendant's motorcycle club, located at 4100 Garfield Street in Denver, Colorado. It was obtained on January 18, 2012 and executed on January 20, 2012, a copy of which is attached hereto as Defendant's Exhibit C.

2. All three search warrants are insufficient on their face and are not supported by probable cause. *Illinois v. Gates*, 462 U.S. 213 (1983). Further, no reasonable officer would believe that there was sufficient probable cause in the warrants. Consequently, the warrants were executed illegally and the scope of the searches exceeded the matters set forth in the warrants.

3. In determining whether an affidavit contains sufficient information to support a finding of probable cause for the issuance of a search warrant, "the issuing

judge or magistrate, must consider the totality of the circumstances and determine whether the affidavit established the probability that evidence of criminal activity would be located in the desired search area." *U.S. v. Wittgenstein*, 163 F.3d 1164, 1171 (10th Cir. 1998).

    4.    "Probable cause for a search warrant requires 'facts that would lead a prudent person to believe there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Eidson v. Owens*, 515 F.3d 1139, 1146 (10th Cir. 2008) (citation omitted). "It is well-settled that for probable cause to exist there must be a nexus between the contraband to be seized or suspected criminal activity and the place to be searched." *United States. V. Gonzales*, 399 F.3d 1225, 1228 (10th Cir. 2005) (internal quotation marks and alteration omitted).

    5.    The search warrants were also overbroad and lacked the particularity required by the Fourth Amendment. The Fourth Amendment requires warrants to "particularly describe[e] the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. This particularity requirement prevents law enforcement officers from "general, exploratory rummaging in a person's belongings." *United States v. Sears*, 191 F.App'x 800, 866 (10th Cir. 2006) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971)). "A search warrant's description is sufficiently particular when it 'enables the searcher to reasonably ascertain and identify the things authorized to be seized.'" *Id.* (citation omitted). "The common theme of all descriptions of the particularly standard is that the warrant must allow the executing officer to distinguish between items that may and may not be seized." *Id.* (citation and internal quotation marks omitted).

6.     Finally, because the probable cause for the subsequent warrants were based on the initial search of the Forest Street Location, because the initial State warrant was insufficient rendering the search unlawful, the fruits of the subsequent searches are fruits of the poisonous tree.

> [T]he exclusionary rule also prohibits the introduction of derivative evidence, both tangible and testimonial, that is the product of the primary evidence, or that is otherwise acquired as an indirect result of the unlawful search, up to the point at which the connection with the unlawful search becomes so attenuated as to dissipate the taint.

Murray v. U.S., 487 U.S. 533, 536–37 (1988). This rule exists, "[i]n order to make effective the fundamental constitutional guarantees of sanctity of the home and inviolability of the person'' *Wong Sun v. U.S.*, 371 U.S. 471, 484 (1963).

7.     For the above-stated reasons, the Defendant moves this Court to suppress the fruits of the above-referenced searches. The Defendant seeks a hearing on this motion.

**WHEREFORE**, the Defendant prays for the relief requested, and for such other and further relief as to the Court sees just and proper in the premises.

Dated this 27th day of April, 2012.

Respectfully submitted,

s/Ariel Z. Benjamin
Ariel Z. Benjamin
Springer & Steinberg, P.C.
Attorneys for Corey Riley
1600 Broadway, Suite 1200
Denver, CO 80202
(303)861-2800 Telephone
(303)832-7116 Telecopier
law@springersteinberg.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of April, 2012, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**AUSA Guy Till**
Email: guy.till@usdoj.gov

                                                        s/Casey Ambrose
                                                        Casey Ambrose
                                                        for Ariel Z. Benjamin
                                                        Springer and Steinberg, P.C.
                                                        Attorneys for Corey Riley
                                                        1600 Broadway, Suite 1200
                                                        Denver, CO 80202
                                                        (303)861-2800 Telephone
                                                        (303)832-7116 Telecopier
                                                        law@springersteinberg.com