IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  12-cr-00010-MSK

UNITED STATES OF AMERICA,

          Plaintiff,

v.

1.  GEORGE H. ASKEW,
2.   ROMELL E. BULLOCK,
3.  GREGORY A. COLLINS,
4.  GEORGE A. GADDY,
5.   DELBERT J. GARDNER,
6.   RICHARD W. JOHNSON,
7.  SHEPS H. KHAMSAHU,
8.   ERIC LUGO,
9.   LAWRENCE T. MARTIN,
10.  JOHNIE A. MYERS,
11.  DARRELL R. PARKER,
12.  CALVIN R. RILEY,
**13.  COREY L. RILEY,**
14.  THOMAS A. SCHRAH, JR.,
15.  JAMES R. SWITZER, and
16.  CLIFFORD M. WRIGHT,

          Defendants.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT COREY L. RILEY'S
MOTION TO SUPPRESS FRUITS OF ILLEGAL SEARCHES
PURSUANT TO WARRANTS (#403)**

---

The United States of America, by United States Attorney John F. Walsh, through the undersigned Assistant United States Attorney (Government),  hereby respectfully enters this Government's Response to Defendant Corey L. Riley's Motion to Suppress

1

Fruits of Illegal Searches Pursuant to Warrants (#403)(Motion). The Government respectfully submits the defendant's Motion lacks merit. The Government respectfully states and represents to the Court as follows:

1. On or about July 14, 2011, the defendant's residence at 2331 Pontiac Street, Denver, Colorado, was searched pursuant to a search warrant issued by Hon. United States Magistrate Judge Kristen L. Mix on July 7, 2011. *Please see* Attachment One, which includes a copy of: the search warrant affidavit and application; the search warrant; and the list of items seized. Cocaine, marijuana, firearms, ammunition, drug paraphernalia, documents and currency were recovered. Attachment One is here incorporated by reference. *See* 18 U.S.C. § 3103a(b)(1) and (c); 18 U.S.C. § 2705(a)(2). *See also Dalia v. United States*, 441 U.S. 238, 257 (1959).

2. On or about January 20, 2012, the defendant's residence at 17021 Bennet Drive, Parker, Colorado, was searched pursuant to a search warrant issued by Hon. United States Magistrate Judge Craig B. Shaffer on or about January 18, 2012. *Please see* Attachment Two, which includes a copy of: the search warrant affidavit and application; the search warrant; and the list of items seized. Attachment Two is hereby incorporated by reference.

3. On or about January 20, 2012, the clubhouse of the Colorado Chapter of Hell's Lovers Motorcycle Club (HLMC) located at 4100 Garfield Street, Denver, Colorado, was searched pursuant to a search warrant issued by Hon. United States Magistrate Judge Craig B. Shaffer on or about January 18, 2012. *Please see* Attachment Three, which

includes a copy of: the search warrant affidavit and application; the search warrant; and the list of items seized. Attachment Three is hereby incorporated by reference.

4. The gravamen of the defendant's Motion is an alleged lack of probable cause to support the magistrate judge's determination of probable cause: "All three search warrants . . . are not supported by probable cause. . . Further, no reasonable officer would believe there was sufficient probable cause in the warrants. Consequently, the warrants were executed illegally and the scope of the searches exceeded the matters set forth in the warrants." (Motion ¶ 2).

5. It may be fair to treat the defense language about "probable cause in the warrants" as an inadvertent malapropism. A warrant does not normally contain probable cause; the affidavit in support of the application for a warrant is where we normally look for probable cause. In this case, the Government asserts each affidavit does provide probable cause to search the target location and it is reasonable for an officer to believe each affidavit does provide probable cause. Finally, each application and affidavit was evaluated by a neutral and detached United States Magistrate Judge.

6. A magistrate judge's determination of probable cause should be given great deference. *United States v. Wittgenstein*, 163 F.3d 1164, 1172 (10th Cir.1998); *Lawmaster v. Ward*, 125 F.3d 1341, 1348 (10th Cir.1997). *See Illinois v. Gates*, 462 U.S. 213, 238-39 (1983).

7. Pursuant to the courts' strong preference for warrants, a search conducted pursuant to a warrant is presumptively valid. *United States v. Ventresca*, 380 U.S. 102

(1965). *See United States v. Leon*, 468 U.S. 897 (1984). Where a defendant challenges a search made after issuance of a search warrant, "[t]here is a presumption of government propriety...and the defendant bears the burden to establish a *prima facie* case. . . that [the law] has been violated." *United States v. Peveto*, 881 F.2d 844, 850-51 (10th Cir.1989). *See United States v. Longmire*, 761 F.2d 411, 417 (7th Cir. 1985)(If search or seizure was effected pursuant to a warrant, the defendant bears the burden of proving its illegality. [Citing LaFave, Search and Seizure § 11.1]).

8. The standard for the District Court's review of the sufficiency of the affidavit is **not** *de novo* --- the District Court reviews the affidavit for the presence of a "substantial basis" to support the magistrate's determination of probable cause.[1] *United States v. Corral*, 970 F.2d 719, 726 (10th Cir.1992). The issuing magistrate judge's determination of probable cause should be paid "great deference." *Id*.

9. The Motion alleges the "warrants were executed illegally and the scope of the search exceeded the matters set forth in the warrants." (Motion ¶ 2). The defense makes

---

[1] Probable cause is a practical, nontechnical probability that a crime has been committed and that incriminating evidence will be found --- probable cause is **not** a "more likely than not" standard. *Texas v. Brown*, 460 U.S. 730, 742 (1983). "[P]robable cause is demonstrated by showing reasonable grounds for belief, supported by less than prima facie proof, but more than mere suspicion." *United States v. One 1987 Ford*, 739 F.Supp. 554, 556 (D.C.Kan.1990). [citing *United States v. One 1978 Chevrolet*, 614 F.2d 983, 984 (5th Cir.1980)]. The judicial officer issuing a warrant may properly do so where the affidavit establishes a "fair probability" that contraband will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238-239 (1983); *United States v. Shomo*, 786 F.2d 981, 984 (10th Cir.1986) ("reasonable probability" does not mean the absence of other possibilities); *United States v. Martinez*, 764 F.2d 744, 746 (10th Cir.1985) (probable cause does not require perfection).

no specific offer of proof. Lacking an offer of proof, the Motion fails to state a claim upon which relief can be granted.

10.     The defendant "seeks a hearing on this motion," (Motion ¶ 7).  But the defendant fails to indicate what facts are in controversy.  The Government respectfully submits there is no actual controversy about the fact that three search warrants were issued for the locations searched.  The Motion fails to set forth an actual controversy about the items seized.  Where there is no dispute that warrants were in fact issued, the court need not have an evidentiary hearing on the showing made by the defense Motion in this case.  *See United States v. Peveto*, 881 F.2d 844, 850-51 (10th Cir.1989) ("There is a presumption of government propriety. . . and the defendant bears the burden to establish a prima facie case. . . that [some rule of law] has been violated.").  Bald allegations are insufficient to disturb the presumption of regularity which attaches to official actions.  "A district court is not required to conduct an evidentiary hearing on every motion to suppress." *United States v. Rollins*, 862 F.2d 1282, 1291 (7th Cir.1988).  To be entitled to a hearing "the facts presented in the motion must be 'definite, specific, detailed and nonconjectural.'" *Id.* 1291.

11.     The Government respectfully asks the Court to review the contents of Attachment One, Attachment Two and Attachment Three in light of the presumption of regularity and the allegations in the defendant's Motion. The Government respectfully asks the Court to find and conclude that there is a substantial basis in the affidavits supporting the United States Magistrate Judge's finding of probable cause as to each warrant. Further, based on the conclusory allegations in the Motion, the Motion fails to allege a specific controversy about the execution of the search warrants.  *Cf. United States v.*

5

*Grubbs*, 547 U.S. 90 (2006), *Gooding v. United States*, 416 U.S. 430 (1974) and *United States v. Hugoboom*, 112 F.3d 108 (10th Cir.1997). Accordingly, the Government respectfully submits the defendant's Motion to suppress the fruits of searches pursuant to warrants (#403) lacks merit and may be denied without a hearing.

Respectfully submitted May 1, 2012.

> JOHN F. WALSH
> UNITED STATES ATTORNEY
>
> BY: *s/ Guy Till*
> GUY TILL
> Assistant United States Attorney
> United States Attorney's Office
> District of Colorado
> 1225 17th Street, Suite 700
> Denver, CO 80202
> (303) 454-0100
> Guy.Till@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2012, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT COREY L. RILEY'S MOTION TO SUPPRESS FRUITS OF ILLEGAL SEARCHES PURSUANT TO WARRANTS (#403)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

By: s/ Diana Brown
DIANA BROWN
Legal Assistant
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0406
E-mail: Diana.Brown@usdoj.gov