IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  12-cr-00010-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.  GEORGE H. ASKEW,
2.   ROMELL E. BULLOCK,
3.  GREGORY A. COLLINS,
4.  GEORGE A. GADDY,
5.   DELBERT J. GARDNER,
6.   RICHARD W. JOHNSON,
7.   SHEPS H. KHAMSAHU,
8.   ERIC LUGO,
9.   LAWRENCE T. MARTIN,
10.  JOHNIE A. MYERS,
11.  DARRELL R. PARKER,
12.  CALVIN R. RILEY,
**13.  COREY L. RILEY,**
14.  THOMAS A. SCHRAH, JR.,
15.  JAMES R. SWITZER, and
16.  CLIFFORD M. WRIGHT,

        Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT
COREY L. RILEY'S MOTION TO SUPPRESS FRUITS OF
WARRANTLESS SEARCH (GPS) (#401)**

---

The United States of America, by United States Attorney John F. Walsh, through the undersigned Assistant United States Attorney (Government),  hereby respectfully enters this Government's Response to Defendant Corey L. Riley's Motion to Suppress Fruits of Warrantless Search (GPS) (#401)(Motion).  The

Government respectfully submits the defendant's Request to Suppress Evidence lacks merit. The Government respectfully states and represents to the Court as follows:

1.  In October 2009, for a two week period of time, ATF Special Agents used a "slap on" GPS tracking device to record the movements of the defendant's 2002 Chevy Tahoe. Motion ¶ 1.  The investigators hoped the GPS data would lead to the defendant's cocaine source of supply.  The information from the GPS tracking device was inconclusive.

2.  In August of 2010, the United States Court of Appeals for the District of Columbia issued its decision in *United States v. Maynard*, 615 F.3d 544 (U.S.App.D.C. 2010).  In January 2012, the United States Supreme Court decided *United States v. Jones*, ___ U.S. ____, 132 S.Ct. 945, 949 (2012).  Motion ¶ 3.

3.  The ruling in *Jones* establishes that applying and monitoring a tracking device installed on a vehicle is a search within the meaning of the Fourth Amendment.

4.  In October of 2009, when investigators used the tracker in this case, no reported appellate decision articulated the rule of *Jones*.  In 2009, published decisions were construed by investigators and their legal advisors to permit  the use of a "slap on" tracker for purposes of an investigation.   In *United States v. McIver*, 186 F.3d 1119, 1126-27 (9th Cir. 1999) the Ninth Circuit found there was no Fourth Amendment violation where investigators attached an electronic GPS tracking device to the undercarriage of the defendant's vehicle.  In *United States v. Knotts*, 460 U.S. 276, 281 (1983) the Supreme Court, applying the reasonable expectation of privacy test in the context of a diminished expectation of privacy in automobiles, held that using a beeper to track a vehicle in public

places did not violate the Fourth Amendment.   In *United States v. Garcia*, 474 F.3d 994, 997 (7th Cir. 2007), the 7th Circuit Court of Appeals held that the use of a GPS monitoring device did not implicate the Fourth Amendment.   *See also United States v. Pineda-Moreno*, 591 F.3d 1212 (9th Cir. 2010); *United States v. Marquez*, 605 F.3d 604, 609-10 (8th Cir. 2010).

5.  The issue presented in this case is similar to the issue presented in *United States v. Leon*. ___F.Supp.2d____, 2012 WL 1081962 (D. Hawaii).   In *Leon*,   the 2009 warrantless use of the GPS tracker resulted in the seizure of eleven pounds of methamphetamine.  Based on the 2012 *Jones* decision, the defendant in *Leon* sought to suppress the evidence.

6.  In *Leon*, to decide whether or not to exclude evidence, the court took guidance from *Davis v. United States*, ____U.S.____, 131 S.Ct. 2419, 2423 (2011).   The "sole purpose" of the exclusionary rule "is to deter future Fourth Amendment violations."  *Id.* at 2426.  The *Leon* court reasoned that the "exclusionary rule is not a personal constitutional right intended to redress injury . . . " *Leon* at *3.  In *Leon* the court focused on "whether the agents acted with objective reasonable reliance on the then-existing precedent permitting the attachment and subsequent use of a GPS tracking device."  *Leon* at *3.

7.  The *Leon* court decided that, although *Jones* establishes as of January 2012 that applying and monitoring a GPS tracking device is a search for Fourth Amendment purposes, the exclusionary rule would not apply to the 2009 search in *Leon* because the suppression of the evidence was not necessary in *Leon* to further the purposes of deterrence.  In 2012, after *Jones* has clarified the Fourth Amendment implications, there

is no reason to believe federal agents will ignore the holding of *Jones*.  The deterrence of

future violations does not require the suppression of investigative activities from 2009.  *See*

*also United States v. Amaya*, 2012 WL 1188456 (N.D. Iowa April 10, 2012)(Good faith

reliance on binding 8th Cir. precedent dispositive).

8.    Accordingly, based on the forgoing argument and authorities, the Government

respectfully asks the Court to apply the rationale of *Leon* and *Davis* to the present case

and deny the defendant's Motion to suppress (#401).

.          Respectfully submitted May 2, 2012.

JOHN F. WALSH
UNITED STATES ATTORNEY


BY: *s/ Guy Till*
GUY TILL
Assistant United States Attorney
United States Attorney's Office
District of Colorado
1225 17th Street, Suite 700
Denver, CO 80202
(303) 454-0100
Guy.Till@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd  day of May, 2012, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT COREY L. RILEY'S MOTION TO SUPPRESS FRUITS OF WARRANTLESS SEARCH (GPS)(#401)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.


By: s/ Diana Brown
DIANA BROWN
Legal Assistant
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone:  (303) 454-0100
Facsimile:  (303) 454-0406
E-mail: Diana.Brown@usdoj.gov