IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  12-cr-00010-MSK-13

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.  GEORGE H. ASKEW,
2.  ROMELL E. BULLOCK,
3.  GREGORY A. COLLINS,
4.  GEORGE A. GADDY,
5.  DELBERT J. GARDNER,
6.  RICHARD W. JOHNSON,
7.  SHEPS H. KHAMSAHU,
8.  ERIC LUGO,
9.  LAWRENCE T. MARTIN,
10.  JOHNIE A. MYERS,
11.  DARRELL R. PARKER,
12.  CALVIN R. RILEY,
**13.  COREY L. RILEY,**
14.  THOMAS A. SCHRAH, JR.,
15.  JAMES R. SWITZER, and
16.  CLIFFORD M. WRIGHT,

        Defendants.

---

# GOVERNMENT'S RESPONSE TO DEFENDANT COREY L. RILEY'S MOTION TO SUPPRESS STATEMENTS (#402)

---

The United States of America, by United States Attorney John F. Walsh, through the undersigned Assistant United States Attorney (Government), hereby respectfully enters this Government's Response to Defendant Corey L. Riley's Motion to Suppress

1

Statements (#402)(Motion). The Government respectfully states and represents to the Court as follows:

    1. The Government notes that, before admitting post-arrest statements by a defendant at trial, there normally should be a determination of voluntariness pursuant to 18 U.S.C. § 3501. Motion ¶ Wherefore.

    2. The Motion does not specify what statements the defendant is concerned with. On July 14, 2011, when officers searched the defendant's residence at 2331 Pontiac Street, Denver, CO, the defendant was detained. While in detention, the defendant was advised of his rights by ATF Special Agent Jason Cole with the aid of a Denver Police Department (DPD) Form 369. In an effort to prevent the Hell's Lovers Motorcycle Club (HLMC) from understanding they were the focus of a federal investigation, the search warrant was executed with the assistance of the Denver Police Department and Special Agent Cole presented as a member of the Denver Police Department in his contact with the defendant on July 14, 2011. Please see Attachment One, which is incorporated here by this reference.

    3. After being advised of his rights, defendant Corey Riley spoke with ATF Special Agent Jason Cole. In the course of the conversation, defendant Corey Riley stated he had firearms at the 2331 Pontiac Street residence for protection. The defendant also confirmed that the address was his residence. More than 300 grams of cocaine, more than six pounds of marijuana, a large amount of currency, ammunition and a number of firearms were recovered from the residence. The defendant has been charged with a violation of 18 U.S.C. § 924(c) based on his possession of firearms at 2331 Pontiac Street.

4. No threats or promises were made to the defendant to induce him to speak with investigators on July 14, 2011. The defendant's statement that he had firearms for protection is evidence of the 18 U.S.C. § 924(c) violation.

5. At a Colorado Chapter HLMC meeting days after the search on Pontiac Street, the defendant stated that he initially went to arm himself with a weapon when the police first entered the residence -- but the defendant stopped when he realized the persons entering the residence were police. The defendant was not in custody and was not being questioned by police at the HLMC meeting.

6. In *Jackson v. Denno,* 378 U.S. 368, 376 (1964), the Supreme Court held a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession, and even though there is ample evidence aside from the confession to support the conviction. The defendant has a "constitutional right at some stage in the proceedings to object to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness, a determination uninfluenced by the truth or falsity of the confession." [Fn.6] *Id.* at 376.

7. Without "official coercion," a confession generally will be deemed voluntary. *See Colorado v. Connelly*, 479 U.S. 157, 169-71 (1986)(confession was *not* involuntary although defendant ostensibly heard the voice of God commanding him to confess). Where the circumstances around custodial questioning reveal an uncoerced choice and a comprehension of the *Miranda* rights, a valid waiver of the right to remain silent may be

3

inferred using a preponderance of the evidence standard. *See United States v. Curtis*, 344 F.3d 1057, 1066 (10th Cir. 2003).

      8.  Accordingly, the Government respectfully submits that since the defendant is arguably challenging the voluntariness of his statement that he had firearms for protection under *Jackson v. Denno*, a brief evidentiary hearing to determine the voluntariness of the confession before trial may be in order.   *See Sims v. Georgia*, 385 U.S. 538, 543-44 (1967).  *But see Reddix v. Thigpen*, 805 F.2d 506, 513-14 (5th Cir. 1986)(because record sufficient to establish voluntariness of confession, separate evidentiary hearing is not required); *Woods v. Armontrout*, 787 F.2d 310, 315 (8th Cir. 1986)(where trial court record sufficient to establish voluntariness, findings that police did not induce the confession by threats or promises were implicit).

      Respectfully submitted May 2, 2012.

JOHN F. WALSH
UNITED STATES ATTORNEY


BY: *s/ Guy Till*
GUY TILL
Assistant United States Attorney
United States Attorney's Office
District of Colorado
1225 17th Street, Suite 700
Denver, CO 80202
(303) 454-0100
Guy.Till@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on this 2nd day of May, 2012, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT COREY L. RILEY'S MOTION TO SUPPRESS STATEMENTS (#402)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

      By: s/ Diana Brown
      DIANA BROWN
      Legal Assistant
      1225 Seventeenth Street, Suite 700
      Denver, Colorado 80202
      Telephone: (303) 454-0100
      Facsimile: (303) 454-0406
      E-mail: Diana.Brown@usdoj.gov