IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  12-cr-00010-MSK

UNITED STATES OF AMERICA,

              Plaintiff,

v.

1.  GEORGE H. ASKEW,
2.  ROMELL E. BULLOCK,
3.  GREGORY A. COLLINS,
4.  GEORGE A. GADDY,
5.  DELBERT J. GARDNER,
6.  RICHARD W. JOHNSON,
7.  SHEPS H. KHAMSAHU,
8.  ERIC LUGO,
9.  LAWRENCE T. MARTIN,
10.  JOHNIE A. MYERS,
11.  DARRELL R. PARKER,
12.  CALVIN R. RILEY,
**13.  COREY L. RILEY,**
14.  THOMAS A. SCHRAH, JR.,
15.  JAMES R. SWITZER, and
16.  CLIFFORD M. WRIGHT,

              Defendants.

---

**GOVERNMENT'S RESPONSES TO DEFENDANT
COREY L. RILEY'S MOTIONS: FOR PRODUCTION OF BRUTON AND RULE
801(d)(2)(E) MATERIALS AND MOTION FOR PRETRIAL DETERMINATION
OF ALLEGED CO-CONSPIRATOR STATEMENTS (#394); MOTION TO
DISCLOSE IDENTITY OF INFORMANTS (WITH AUTHORITY)(#395);
REQUEST FOR NOTICE OF INTENT TO CALL EXPERT WITNESSES AND
DISCOVERY PURSUANT TO RULE 16(a)(1)(D) and (E)(*SIC*)(#396); REQUEST
FOR GOVERNMENT'S INTENT TO USE EVIDENCE (#397); MOTION TO
COMPEL DISCLOSURE OF EXISTENCE AND SUBSTANCE OF PROMISES
OF IMMUNITY, LENIENCY AND PREFERENTIAL TREATMENT (#398);  and
MOTION FOR PRESERVATION OF RECORDINGS AND NOTES (#399); AND
MOTION TO SEVER (#400)**

---

The United States of America, by United States Attorney John F. Walsh, through the undersigned Assistant United States Attorney (Government),  hereby respectfully enters this Government's Responses to the above referenced motions filed by defendant Corey L. Riley (defendant) on April 27, 2012, at docket number #394, #395, #396, #397, #398, # 399 and #400 (Motions). The Government respectfully states and represents to the Court as follows:

1.   **Motions # 394 and # 396**.  Motion # 394 ostensibly calls for "Production of Bruton and Rule 801(d)(2)(E) materials and Motion for Pretrial Determination of Admissibility of Alleged Co-Conspirator Statements."  Motion # 396 ostensibly calls for "Notice of Intent to Call Expert Witnesses and Discovery Pursuant to Rule 16(a)(1)(D) and (E)."(sic).  In this particular case, the Government respectfully suggests Motion # 394 and Motion # 396 can be deferred until after the Court addresses the issues identified in the joint *James* proffer and Rule 702 disclosure in accordance with orders already in the Courtroom Minutes. (#317).  The defense has been provided with extensive and detailed Rule 702 materials consistent with the Court's directions regarding such evidence.   The defense has extensive pretrial discovery showing how the investigation proceeded, including descriptions of conduct and statements or communications including co-defendants and co-conspirators.  Motion #394 and Motion #396 concern issues already scheduled for consideration according to the Courtroom Minutes dated March 14, 2012. (#317).

2. **Motions # 395 and #398**.   Motion #395 calls for disclosure of the "Identity of Informants (With Authority)."    Motion #398 asks for an order to "compel Disclosure of

Existence and Substance of Promises of Immunity, Leniency or Preferential Treatment."
Defendant Riley's motion for disclosure of the confidential informants (Motion #395) and
defendant Riley's motion to compel disclosure of existence and substance of promises
(Motion #398) basically parrot the motions filed by co-defendant Lugo (Motions #251 and
#252).   The Government responded to the Lugo Motions at #330.   The Government
respectfully asks the Court to take notice of the Government response in #330.   Very
briefly put, with the exception of the Undercover ATF Special Agent with whom defendant
Riley did have contact, defendant Riley knows the names of his associates.  This is not a
case like *Roviaro v. United States*, 353 U.S. 53, 59 (1957), where a defendant does not
know the name of the person he was dealing with.   In *Roviaro* the defendant was
essentially asking: What is the name of the person who was in the car with me during the
drug transaction overheard by the special agent?   Defendant Riley is not asking the same
kind of question.  Defendant Riley was well acquainted with his customers, associates, and
fellow members of the Hell's Lovers Motorcycle Club.  Defendant Riley simply is not sure
which of his associates are cooperating with law enforcement.  This is a case where, if the
case goes to trial,  the Government probably will call one or more CHS witness at the trial.
If the case does go to trial and a CHS is called as a witness,  the Government will provide
the defense with the material required by *Giglio v. United States,* 405 U.S. 150 (1972).
According to the United States Supreme Court, the Government is not required to identify
such a CHS witness before time of trial.  *See United States v. Ruiz*, 536 U.S. 622, 629-33
(2002)(no error where Government declined to provide impeachment evidence for CHS
before trial — defendant plead guilty without trial and without disclosure of impeachment
evidence).  The Government understands *Giglio* to require disclosure at trial of the criminal

3

record of the CHS, the record of payments if any, and notice of benefits such as promises to make sentencing recommendations or charging concessions on behalf of the CHS.  To the extent Motion #395 and Motion #398 ask for more than *Giglio* and *Ruiz* require, the motions are unduly burdensome and overly broad.   Motion #395 and Motion #398 should be denied.

3.  **Motion #397**.  Motion #397 is a "Request for Notice of Government's Intent to Use Evidence." (Motion).  Defendant Riley's Motion lacks merit.  The Motion cites no case law.  The Motion refers to "Rule 12(d)(2)."   The Government respectfully submits the reference to "12(d)(2)" is probably a mistake.    Assuming, *arguendo*, defendant Riley intends to refer to the Fed.R.Crim.P. 12(b)(4)(B), the Motion is untimely and unsupported by cogent argument or authority.  At this stage of the proceedings, the defendant has litigated the strength of the case against him in two detention hearings.  The defendant has seen numerous exhibits highlighting and outlining the evidence against him as a practical matter.  The defendant is well aware that the Government may use in its case in chief at trial any evidence provided or made available as pretrial discovery.  The process of pretrial disclosure has been lengthy and extensive.  The stated rationale for a designation under Rule 12 is to permit a defendant to file pretrial motions where the defendant does not understand the evidence in the case.  Clearly defendant Riley has analyzed carefully the evidence against him as he has already filed approximately one dozen pretrial motions. No legitimate useful purpose would be served by requiring an index or catalogue of the Government's evidence as defendant Riley requests.  Motion #397 should be denied.

4.  **Motion #399**.  Motion #399 is a motion "for Preservation of Recordings and Notes."     The  Motion  cites  several  courts  which  do  require  the  preservation  of

investigators' rough notes.  The Motion fails to cite decisions from Circuits where courts have acknowledged the common practice of preparing formal written reports and destroying rough notes after the formal report has been prepared.  See *United States v Greatwalker*, 356 F.3d 908 (8th Cir. 2004); *United States v. Stulga*, 584 F.2d 142, 147-48 (6th Cir. 1978); *United States v. Martin*, 565 F.2d 362 (5th Cir. 1978); *United States v. Mase*, 556 F.2d 671, 676 (2d Cir. 1977); *United States v. McCallie*, 554 F.2d 770, 773 (6th Cir. 1977); *United States v. Harris*, 542 F.2d 1283, 1289 (7th Cir.1976).  Motion 399 should be denied.

5. **Motion # 400.**  The Government respectfully submits the defendant's motion for severance should be denied.  "There is a preference in the federal system for joint trials of defendants who are indicted together."  *Zafiro v. United States*, 506 U.S. 534, 537 (1993).  A motion for severance is entrusted to the sound discretion of the Court.  *United States v. Sarracino*, 340 F.3d 1148, 1165 (10th Cir. 2003).

Respectfully submitted May 4, 2012.

JOHN F. WALSH
UNITED STATES ATTORNEY


BY: *s/ Guy Till*
GUY TILL
Assistant United States Attorney
United States Attorney's Office
District of Colorado
1225 17th Street, Suite 700
Denver, CO 80202
(303) 454-0100
Guy.Till@usdoj.gov
Attorney for Government

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May, 2012, I electronically filed the foregoing **GOVERNMENT'S RESPONSES TO DEFENDANT COREY L. RILEY'S MOTIONS: FOR PRODUCTION OF BRUTON AND RULE 801(d)(2)(E) MATERIALS AND MOTION FOR PRETRIAL DETERMINATION OF ALLEGED CO-CONSPIRATOR STATEMENTS (#394); MOTION TO DISCLOSE IDENTITY OF INFORMANTS (WITH AUTHORITY)(#395); REQUEST FOR NOTICE OF INTENT TO CALL EXPERT WITNESSES AND DISCOVERY PURSUANT TO RULE 16(a)(1)(D) and (E)(*SIC*)(#396); REQUEST FOR GOVERNMENT'S INTENT TO USE EVIDENCE (#397); MOTION TO COMPEL DISCLOSURE OF EXISTENCE AND SUBSTANCE OF PROMISES OF IMMUNITY, LENIENCY AND PREFERENTIAL TREATMENT (#398);  and MOTION FOR PRESERVATION OF RECORDINGS AND NOTES (#399); AND MOTION TO SEVER (#400)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

By: s/ Lisa Vargas
LISA VARGAS
Legal Assistant
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone:  (303) 454-0100
Facsimile:  (303) 454-0409
E-mail: Lisa.Vargas@usdoj.gov