# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Honorable Marcia S. Krieger

**Criminal Action No. 12-cr-00010-MSK**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   GEORGE H. ASKEW,
2.   ROMELL E. BULLOCK,
3.   GREGORY A. COLLINS,
4.   GEORGE A. GADDY,
5.   DELBERT J. GARDNER,
6.   RICHARD JOHNSON,
7.   SHEPS H. KHAMSAHU,
8.   ERIC LUGO,
9.   LAWRENCE T. MARTIN,
10.   JOHNIE A. MYERS,
11.   DARELL R. PARKER,
12.   CALVIN R. RILEY,
13.   **COREY L. RILEY,**
14.   THOMAS A. SCHRAH, JR.,
15.   JAMES R. SWITZER, and
16.   CLIFFORD M. WRIGHT,

    **Defendants.**

---

## OPINION AND ORDER DENYING MOTION TO SUPPRESS
---

    **THIS MATTER** comes before the Court pursuant to the Defendant Corey L. Riley's Motion to Suppress Fruits of Unlawful Search **(# 403)**, and the Government's response **(# 404)**.

    Mr. Riley (along with many other co-defendants) is charged with various crimes relating to the possession and distribution of controlled substances, 21 U.S.C. § 841, and conspiracy to use and maintain drug-involved premises, 21 U.S.C. § 846, 856, among others. The charges arise, in part, from Mr. Riley's participation in and leadership of a chapter of the Hell's Lovers

Motorcycle Club ("the club") and activities conducted at the club's clubhouse.

In or about January 2012, agents of the Federal Bureau of Alcohol, Tobacco, and Firearms sought warrants to search various properties, including Mr. Riley's residence on Bennett Street in Parker, Colorado, and the most recent location of the club's clubhouse on Garfield Street in Denver, Colorado. The warrant applications were supported by a consolidated affidavit that, at some length, set forth the structure of the club and its officers and the frequent use of the clubhouse to distribute various controlled substances, among other matters. The affidavit recited that Mr. Riley had served as the club's Western Regional President for a period of 5 years, and was a longtime member of the Colorado chapter of the club. A federal Magistrate Judge issued the warrants, and they were subsequently executed by federal agents.

Mr. Riley now moves to suppress the fruits of those warrants. His initial written motion consisted of little more than boilerplate assertions that three search warrants sought by the Government for properties owned or frequented by Mr. Riley were insufficient, either because the warrant application failed to demonstrate probable cause or because the warrants themselves were overbroad. The Court finds this written motion to be so inspecific that no relief is warranted.

At a suppression hearing on June 12, 2012, Mr. Riley orally clarified his motion to present the following two arguments: (i) with regard to the warrant issued to search Mr. Riley's residence on Bennett Street, the warrant application failed to demonstrate probable cause because it did not allege any unlawful conduct occurring at that premises, did not present probable cause to suggest that club records would be found there, and the request intruded upon Mr. Riley's constitutional right to freedom of association under the First Amendment; and (ii) with regard to the warrant issued for a search of the clubhouse on Garfield Street, the warrant

application failed to demonstrate probable cause because the confidential informants (upon whose statements the warrant was sought) had only observed unlawful acts taking place at a prior location of the clubhouse, not at the clubhouse's new location on Garfield Street. Having reviewed Mr. Riley's arguments and the stipulated exhibits, the Court finds both arguments to be without merit.

With regard to the Bennett Street premises, the warrant application clearly outlines Mr. Riley's lengthy tenure as a high-ranking officer of the club, and detailed various alleged illegal acts committed by various members of the club on club premises. Based on Mr. Riley's status as a longtime club officer, the warrant application explained that "there is probable cause to believe that [his] residence[ ] contain[s] documents and other tangible evidence relating to the existence, operation, financial operations, activities, and membership of [the club], both locally and potentially nationally." The property to be seized pursuant to the Bennett Street warrant consisted of: (i) "notes or minutes of meetings conducted by [the club]"; (ii) club "telephone lists, membership rosters, [etc.]"; (iii) club by-laws; (iv) club financial records of various types; (v) cell phones "and any stored electronic communications contained therein"; and various similar categories of documents and things.

The Court finds that the allegation that Mr. Riley was a longtime officer of the club established probable cause to believe that a search of his residence would reveal club records and other materials demonstrating club membership and activities; those club records, in turn, could serve as evidence of club membership (thereby establishing that other co-defendants were club members and thus, likely knowledgeable of and culpable for unlawful activities conducted at the clubhouse) and evidence of the club's unlawful activities. Contrary to Mr. Riley's argument, the Court finds that it was reasonable to believe that a high-ranking official of a club or organization

(particularly one that is engaged in unlawful activities) might very well maintain books and records of that organization and its activities at his own residence, rather than leaving such records at a location outside of his control.  The Court notes that the warrant for the Bennett Street address was limited to authorizing the seizure of club minutes, membership rosters, financial records, and other similar materials; in other words, the scope of the warrant's authorization of property to be seized closely corresponded to the warrant application's stated purpose for seeking a search of the Bennett Street address.  Finally, the Court summarily rejects Mr. Riley's vague argument that a search of the Bennett Street address to obtain evidence of club membership somehow infringes upon Mr. Riley's First Amendment freedom to associate.  Mr. Riley offers no meaningful authority for the proposition that the First Amendment prevents the government from seeking a warrant to gather evidence of an organization's membership, particularly when members of that organization are alleged to be systemically engaging in unlawful conduct.

With regard to Mr. Riley's contention that the application for a warrant for the Garfield Street clubhouse was not supported by probable cause, Mr. Riley contends that the warrant application recites observations from various confidential informants who allegedly observed unlawful conduct taking place at a prior location of the clubhouse, but does not allege that those informants similarly observed the same unlawful conduct occurring after the clubhouse was moved to the Garfield Street location in July 2011.  This assertion is belied by paragraph 47 of the affidavit, which states that "[the informants] described that although the structure at 4100 Garfield Street is smaller than clubhouses previously utilized . . . drugs are still used and

trafficked at the location."[1]  Mr. Riley argues that this assertion is only "conclusory."  The Court disagrees, and finds that paragraph 47, when taken in conjunction with the remainder of the affidavit, provided probable cause to issue a warrant for the search of the Garfield Street clubhouse.

Accordingly, Mr. Riley's Motion to Suppress **(# 403)** is **DENIED** in its entirety.

Dated this 21st day of June, 2012

**BY THE COURT:**

_Marcia S. Krieger_
Marcia S. Krieger
United States District Judge

---

[1] Paragraph 48 also mentions that a co-defendant "often supplied marijuana at the [ ] clubhouse and most recently at 4100 Garfield Street."