## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00010-MSK-13

UNITED STATES OF AMERICA,

      Plaintiff,

v.

13.  COREY L. RILEY,

      Defendant.

---

### RULE 5K1.1.PLEA AGREEMENT

---

The United States of America (the government), by United States Attorney for the

District of Colorado John F. Walsh, through Assistant United States Attorney Guy Till, and

defendant COREY L. RILEY (defendant), personally and by counsel, ~~HARVEY ABE~~ *And Z. Benjamin, Esq*

~~STEINBERG, ESQ.~~, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

It is the intention of the parties to resolve all pending criminal issues now known to the U.S.

Attorney's Office [excluding any tax issues, if any exist (none are presently known to the

parties)] between the defendant and the Government through the resolution of this case. The

parties understand and agree that in the event the agreement represented herein is not accepted

by the Court or is not entered into by the defendant, the Government will proceed with the

prosecution of the defendant according to law, to include superseding indictment. *Ricketts v.*

*Adamson*, 483 U.S. 1, 9-12 (1987)(agreement void and government permitted to reinstate

original charges when defendant failed to completely fulfill his obligations pursuant to the plea

agreement). The offer represented by this plea agreement is withdrawn unless: (1) the

defendant timely files a Notice of Disposition; and (2) withdraws or requests the court to

**Court's Exhibit**

**1**

suspend and hold in abeyance any pending pretrial motions until the Court either accepts or

rejects the contemplated pleas of guilty. This plea agreement and related communications are

under color of FRE 410.

## I. AGREEMENT

a. The defendant agrees to admit the forfeiture allegation in the Second Superseding

Indictment (#469). The defendant admits the forfeiture allegation in the Superseding Indictment

as it pertains to him and consents to the forfeiture of weapons, ammunition, drug paraphernalia

and currency seized from 2331 Pontiac Street on or about July 14, 2011. The defendant

voluntarily agrees to the filing on an Information pursuant to Rule 7 alleging a single count of

Possession of Firearm by a Prohibited Person on July 14, 2011, in violation of Title 18 U.S.C. §

922(g)(3)(Unlawful user of a controlled substance in possession of a firearm). The defendant

agrees to plead guilty to said Information and to Count Twenty-Three of the Second Superseding

Indictment charging violations of the laws of the United States including:

**Count Twenty-Three**: Possession of cocaine with intent to distribute, in violation of 21

U.S.C. § 841(a)(1) and (b)(1)(C), and

**Information**: Possession of Firearm by a Prohibited Person, in violation of Title 18

U.S.C. § 922(g)(3)(Unlawful user of a controlled substance in possession of a firearm).

b. The Government, in consideration of said pleas of guilty and the defendant's consent

to forfeiture, at the time the Court accepts said pleas of guilty and consent to forfeiture, will enter

a Rule 48 motion to dismiss the original Indictment (#1), Superseding Indictment (#180), and the

remaining counts in the Second Superseding Indictment (#469) as to this defendant, only.

c. In exchange for the defendant's filing a timely notice of disposition and for

suspending, withdrawing or holding in abeyance all pretrial motions, the Government agrees to advise the Court the defendant is entitled to the three level decrease for acceptance of responsibility under Section 3E1.1(b).

d. The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Understanding this and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria:  (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the adjusted offense level is greater than 25 and imposes a sentence based upon that offense level determination. Except as provided above, the defendant also knowingly and voluntarily waives the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742. The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct. Additionally, if the government appeals the sentence imposed by the Court, the defendant is released from this waiver provision.

e. The parties jointly acknowledge the defendant has expressed an interest in cooperating

3

with law enforcement and the Office of the United States Attorney for the District of Colorado

by providing testimony, documents, and other information known to the defendant about the

criminal wrongdoing of other persons. If the defendant desires consideration by the Government

of a possible 5K.1.1 motion for downward departure, the defendant understands and agrees that

he shall be required to cooperate fully with the Government by:

(1)　providing **truthful** **and** **complete** information and testimony in legal proceedings in any legal forum when called upon by the Office of the United States Attorney for the District of Colorado; and

(2)　appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, state and federal, as may be required by the Office of the United States Attorney for the District of Colorado, and

(3)　agreeing to continuances of his sentencing hearing until his testimony, if required, has been provided.

f.　The Government reserves the sole right to evaluate the nature and extent of the

defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the

Court at the time of sentencing. If, in the exercise of its discretion, the Government determines

the defendant's cooperation is of such significance so as to warrant the Court's departure from the

sentence required by the Guidelines, the Government may make a motion pursuant to § 5K1.1 of

the Sentencing Guidelines and 18 U.S.C. §3553(e), reflecting that the defendant has provided

substantial assistance. However, if such a motion were made, the defendant understands and

agrees the Court is under no obligation to grant the Government's motion. The defendant

understands and agrees the Court may impose any sentence authorized by law and the defendant

may not withdraw his guilty plea solely as a result of the sentence imposed. The parties

understand the imposition of sentence is within the sound discretion of the Court, regardless of

the contemplated Government 5K1.1 motion.

## II. ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of the offences to which this plea is being tendered are as follows:

A. **Rule 7 Information**: Possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(3);

1. On or about July 14, 2011,

2. Within the District of Colorado,

3. Corey L. Riley,

4. Knowingly possessed a firearm which had moved in interstate commerce,

5. Then being a person who illegally used marijuana (a Schedule I Controlled Substance),

6. In violation of 18 U.S.C. § 922(g)(3) and § 924(a)(2).

B. **Count Twenty-Three**: Possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

1. On or about July 14, 2011,

3. Within the District of Colorado,

4. Corey L. Riley,

5. Knowingly possessed with intent to distribute a quantity of a mixture and substance containing a Controlled Substance,

6. Namely, cocaine, which is a Schedule II Controlled Substance,

7. All in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

## III.  STATUTORY PENALTIES

1.  **Rule 7 Information.**  The maximum statutory penalty for a violation of 18 U.S.C. § 922(g)(3), Possession of a firearm by a prohibited person, is: not more than ten years imprisonment, not more than $250,000.00 fine, or both; not more than 3 years supervised release; $ 100.00 special assessment fee;

2.  The maximum statutory penalty for a violation of **Count Twenty-Three**: Possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) is: not more than 20 years imprisonment; not more than $1,000,000.00 fine, or both; not less than 3 years supervised release; $ 100.00 special assessment fee for each count;

3.  The Court will impose a separate sentence on each count of conviction and may, to the extent permitted by law, impose such sentences either concurrently with each other or consecutively to each other.

4.  If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and an additional period of supervision.

## IV.  COLLATERAL CONSEQUENCES

The conviction of a federal felony offense may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, obtain certain licenses or professional credentials and sit on a jury or grand jury.

## V.  STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty pleas that the defendant will tender pursuant to this plea agreement.  That basis is set forth below.  Because the Court must, as

part of its sentencing methodology, compute the advisory guideline range for the offenses of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. §3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. §3553 factors, or to the Court's overall sentencing decision.

The parties agree for the purposes of this agreement that the date on which relevant conduct began is approximately April 2011. 2010 ᵍᵗ   C. R.  ᴬᴾᴱ⁽ˢ

The Government asserts that if this matter went to trial, the evidence would show the following:

The ATF developed confidential human source witnesses (CHS) who made controlled purchases of cocaine (drug exhibits) from Corey Riley at his home residence, at 2331 Pontiac Street in the City and County of Denver, within the State and District of Colorado. The CHS controlled purchases of drug exhibits were electronically recorded. The cocaine drug exhibits acquired in controlled purchases were sent to a forensic laboratory. The laboratory determined the net weight and the presence of a detectable amount of cocaine for each drug exhibit acquired from Corey Riley. The date of ATF controlled purchases from Corey Riley and the net quantities (expressed in grams) of cocaine mixture or substance acquired are as follows:

1. 4/7/2010 – 26.3

2. 5/6/2010 – 26.3

3. 5/26/2010 – 24.8

4. 7/14/2010 – 55.4

5. 3/31/2011 – 13.5

6. 4/8/2011 – 13.5

7. 4/13/2011 – 13.6

8. 5/12/2011 – 13.7

9. 5/20/2011 – 27.4

10. 6/3/2011 – 127.2

11. 6/3/2011 – 7.1

12. 6/30/2011 – 59.0

On or about July 14, 2011, the ATF obtained and executed a federal search warrant for the residence at 2331 Pontiac Street. The search resulted in the seizure of nine firearms, ammunition, a ballistic vest, $16,960.00 in United States currency, several pounds of marijuana and 344.9 grams of a cocaine mixture and substance. The firearms and ammunition recovered were manufactured outside the State of Colorado and had moved in interstate commerce. One of the firearms recovered (shown in Attachment One, which is incorporated here by this reference) was a Taurus revolver AP37758 which was made in Brazil and had moved in interstate commerce to be found in Colorado as of July 14, 2011. As of July 2011, Corey Riley was a frequent user of marijuana. Several firearms were in a loaded condition. One of the loaded pistols was found within several feet of cocaine packaged for distribution, a scale, a large amount of currency, and packaging material. All of the firearms recovered functioned as designed. The cocaine seized pursuant to search warrant was tested at a forensic laboratory and

8

was determined to be a mixture and substance containing a detectable amount of cocaine with a net weight of 344.9 grams.

The defense and the Government stipulate and agree that the investigation led to the recovery of approximately 730 grams of cocaine mixture and substance attributable to the defendant under the principles of Section 1B1.3.

The defense and the Government do not agree on the issue of whether the residence at 2331 Pontiac street was a drug involved premises for purposes of § 2D1.1(b)(12).

## VI.   ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. §3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A.    The base guideline is § 2D1.1(7), with a base offense level of 26.

B.    The readily provable relevant offense conduct involved more than 500 grams but less than 2 KG of cocaine mixture and substance.

C.    There are no role in the offense adjustments for the offenses of conviction.

D.    Specific offense characteristics: The Government asserts the fact that firearms

were present on the premises at 2331 Pontiac St. increases the offense level by 2 under

§2D1.1.(b)(1).   The Government contends the residence at 2331 Pontiac St. was a drug involved

premisses within the meaning of §2D1.1(b)(12);   the defendant is opposed to the adjustment.

The adjusted offense level according to the Government therefore would be 30.

E.      The defendant should receive full credit for acceptance of responsibility.  The

resulting offense level  therefore would be 27 according to the Government.  The resulting

offense level is 25 according to the defendant.

F.      The defendant is also being convicted of an 18 U.S.C. § 922(g)(3) violation.

Under the rules of Grouping, the higher offense level for the 2D1.1 offense is controlling and

the combined offense level is 27 according to the Government, and 25 according to the defense.

G.      The parties understand that the defendant's criminal history computation is

tentative.  The criminal history category is determined by the Court based on the defendant's

prior convictions.  Based on information currently available to the parties, it is estimated that the

defendant's criminal history category would be Category I .

H.      The career offender/criminal livelihood/armed career criminal adjustments would

not apply.

I.      The advisory guideline range for Level 25, Criminal History Category I,   is 57-71

months.  The advisory guideline range for Level 27, Criminal History Category I,   is 70-87

months.  However, in order to be as accurate as possible, with the criminal history category

undetermined at this time, the offense level(s) estimated above could conceivably result in a

range up to 130-162 months (top of Criminal History Category VI, Level 27).  The parties agree

the defendant may argue for a sentencing departure, a variant sentence, or both.   The

Government reserves the right to oppose such requests.  The Government agrees to recommend the Court impose concurrent sentences on the counts of conviction.   If the Government, in its sole discretion, is satisfied the defendant has provided truthful and useful information and substantial assistance to law enforcement in the investigation or prosecution of criminal activities by other persons, the Government anticipates filing a motion for a §5K1.1 reduction of the sentence.

J.       Pursuant to guideline § 5E1.2, assuming the estimated offense level above, the fine range for this offense would be $ 12,500.00 to $1,000,000.00, plus applicable interest and penalties.

K.       Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is at least 3 years.

L.       It is expected and agreed that the Court will enter an order of forfeiture of the items described in the forfeiture allegation in the Second Superseding Indictment as to defendant Corey Riley.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating

the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other18 U.S.C. §3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. §3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. §3553 factor.

## VII.   ENTIRE AGREEMENT

This document states the parties' entire agreement.  There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied.  In entering this agreement, neither the government nor the defendant has relied, or is

relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

12

Date: _____

Date: _____

Date: _____

COREY L. RILEY
Defendant

HARVEY ABE STEINBERG, ESQ. /hie/ Benjamin, Esq.
Attorney for Defendant

Guy Till
Assistant U.S. Attorney

N:\10_Plea_Agreement_Corey_Riley_Aug_2012_Taurus.wpd

13