IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-cr-00010-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

13.    COREY L. RILEY,

        Defendant.

_____

### UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE
_____

COMES NOW the United States of America, by and through United States Attorney John F. Walsh and Assistant United States Attorney James S. Russell, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and Rule 32.2(b) of the Federal Rules of Criminal Procedure, and incorporating the Plea Agreement entered into with defendant Corey L. Riley, moves this Court to enter a Preliminary Order of Forfeiture in this case forfeiting to the United States the defendant's interest in the following:

    a.    Miscellaneous firearms and ammunition seized on July 14, 2011 from Corey Riley, at 2331 Pontiac Street, Denver, Colorado; and

    b.    $16,960 in United States Currency seized on July 14, 2011 from Corey Riley at 2331 Pontiac Street, Denver, Colorado,

and directing the United States to seize the property subject to forfeiture, and to publish notice of the forfeiture. In support, the United States states:

1.	On June 5, 2012, the United States charged defendant Corey L. Riley by Superseding Indictment with two counts of Using and Maintaining Drug-Involved Premises in violation of 21 U.S.C. § 856(a)(1) and (2) and (b); one count of Conspiracy to Use and Maintain Drug-Involved Premises in violation of 21 U.S.C. §§ 846 and 856(a)(1) and (2) and (b); twelve counts of Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and (C); one count of Conspiracy to Distribute Cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A); one count of Conspiracy for Prohibited Person to Possess a Firearm and Ammunition in violation of 18 U.S.C. §§ 371 and 922(g)(1) and (3); two counts of Possession of Firearm in Furtherance of Controlled Substances Act Felony Offense in violation of 18 U.S.C. § 924(c); one count of Conspiracy to Possess Firearm During and in Relation to Controlled Substances Act Felony Offense in violation of 18 U.S.C. § 924(o); one count of Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); one count of Conspiracy to Commit Misprision of Felony in violation of 18 U.S.C. §§ 4 and 371; and one count of Aiding and Abetting in violation of 18 U.S.C. § 2. (Doc. 469).

2.	In the Second Superseding Indictment, the United States also sought forfeiture from defendant Corey L. Riley, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), of the following property:

    a.	Miscellaneous firearms and ammunition seized on July 14, 2011 from Corey Riley, at 2331 Pontiac Street, Denver, Colorado; and

    b. $16,960.00 in United States Currency seized on July 14, 2011 from Corey Riley at 2331 Pontiac Street, Denver, Colorado.

  3. On November 29, 2012, the United States charged defendant Corey L. Riley by Information with one count of Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).  (Doc. 765).

  4. On November 29, 2012, the United States and defendant Corey L. Riley entered into a Plea Agreement.  (Doc. 767).  The Plea Agreement provides, *inter alia*, that the defendant agreed to plead guilty to Count Twenty Three of the Second Superseding Indictment, charging a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and to the Information, charging violations of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Defendant Corey L. Riley further agreed to forfeit the above-described property to the United States pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 924(d).  The Court accepted defendant Corey L. Riley's plea of guilty on November 29, 2012.

  5. Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture as soon as practicable after a plea of guilty.  Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture.  Fed. R. Crim. P. 32.2(b)(2)(A).

  6. It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant."  Fed. R. Crim. P. 32.2(a)(2)(B); *see also United States v. Schwartz*, Nos. 10-3773, 11-3523, 2012 WL

3

5359258, at *2 (6th Cir. 2012) (finding it was error to fail to enter a preliminary order of forfeiture and stating that it must be entered before sentencing); *United States v. Shakur*, 691 F. 3d 979 (8th Cir. 2012) (criminal forfeiture was reversed for a violation of procedural due process violation when no preliminary order of forfeiture was entered and noting that it must be entered before sentencing).

7.   As set forth in the Plea Agreement, the defendant and United States agree that the requisite nexus exists between the property and the offenses to which defendant Corey L. Riley has pleaded guilty.  Specifically, the parties agree that on or about July 14, 2011, within the District of Colorado, defendant Corey L. Riley knowingly possessed a firearm which had moved in interstate commerce, then being a person who illegally used marijuana in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).  The parties further agreed that on or about July 14, 2011, within the District of Colorado, defendant Corey L. Riley knowingly possessed with intent to distribute a quantity of a mixture and substance containing a controlled substance, namely cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  Accordingly, the defendant's interest in the subject property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 924(d).

8.   A Preliminary Order of Forfeiture is necessary in order for the United States to seize the property subject to forfeiture.  In addition, 21 U.S.C. § 853(n) requires that third parties who may have an interest in the property receive notice, via publication, or to the extent practical, direct written notice, of the forfeiture and the United States' intent to dispose of the property. The United States cannot accomplish

the seizure, notice, and publication without a Preliminary Order of Forfeiture.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture tendered herewith, for the reasons set forth above.

DATED this 20th day of February, 2013.

>Respectfully submitted,
>
>JOHN F. WALSH
>United States Attorney
>
>By: s/ *James S. Russell*
>James S. Russell
>Assistant United States Attorney
>1225 Seventeenth Street, Ste. 700
>Denver, Colorado 80202
>Telephone: (303) 454-0100
>E-mail: james.russell5@usdoj.gov
>*Attorney for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February, 2013, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to counsel of record.

>s/ *Raisa Vilensky*
>FSA Data Analyst
>Office of the U.S. Attorney