IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00010-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

COREY L. RILEY,

    Defendant.
_____

**REPORTER'S TRANSCRIPT**
(Sentencing Hearing: Order)
_____

    Proceedings before the HONORABLE MARCIA S. KRIEGER, Judge, United States District Court for the District of Colorado, commencing at 3:36 p.m., on the 3rd day of October, 2013, in Courtroom 901A, United States Courthouse, Denver, Colorado.

**APPEARANCES**

    GUY TILL, Assistant U.S. Attorney, 1225 17th Street, Suite 700, Denver, Colorado, 80202, appearing for the Government.

    HARVEY STEINBERG, Attorney at Law, Springer & Steinberg, 1600 Broadway, #1200, Denver, Colorado, 80202, appearing for the Defendant.

THERESE LINDBLOM, Official Reporter
901 19th Street, Denver, Colorado 80294
Proceedings Reported by Mechanical Stenography
Transcription Produced via Computer

1           (The following proceedings were had and entered of
2  record after the Court heard the arguments of counsel and
3  statement of defendant:)
4           *THE COURT:*  Thank you.
5           Then I'll announce the sentence I intend to impose.
6  Of course, counsel, you'll have a final opportunity to make
7  legal objections before judgment is entered.  If you believe
8  that the sentence I announce is premised upon error or if I
9  raise an issue you haven't had adequate opportunity to address,
10 I invite you to request a continuance.
11          Imposition of a sentence in a federal criminal case is
12 governed by a number of statutes.  The umbrella statute is 18
13 U.S.C. Section 3553.  In imposing sentence in this case, I
14 consider the objectives and the factors that are set forth in
15 Section 3553.  This provision requires me to impose a sentence
16 that is sufficient but not greater than necessary to satisfy
17 particular objectives:  The sentence must reflect the
18 seriousness of the offense; promote respect for the law;
19 provide just punishment; adequately deter criminal conduct;
20 protect the public from further crimes by the defendant; and
21 provide the defendant with needed educational or vocational
22 training, medical care, or other correctional treatment in the
23 most effective manner.
24          To fashion a sentence that meets these objectives, the
25 statute directs me to consider certain factors:  The nature and

 1   circumstances of the offense; the history and characteristics
 2   of the defendant; the kinds of sentences that are available;
 3   the sentence prescribed by the federal sentencing guidelines;
 4   the need to avoid unwarranted sentence disparities among
 5   defendants with similar records found guilty of similar
 6   conduct; and in the appropriate case, the need for restitution.
 7          At the beginning of this hearing I identified the
 8   documents that I had studied in preparing for the hearing,
 9   confirmed with counsel that they and the defendant had an
10   opportunity to review those, confirmed there was no dispute as
11   to the facts in the presentence report or in the calculation
12   under the guidelines as stated in that report.
13          I asked whether there were any additional documents
14   that I should consider, and Mr. Steinberg brought to my
15   attention an additional document which he's read into the
16   record.  I've heard arguments from counsel, and I've heard from
17   the defendant.  There is a motion for a downward departure
18   under the guidelines, no motion for a variance.
19          We begin with the calculation under the guidelines.
20   As I indicated in the beginning of this hearing, we're
21   concerned here with two convictions, one is Count 23 of the
22   Second Superseding Indictment, which is possession with intent
23   to distribute a quantity of a substance and mixture containing
24   a detectable amount of cocaine.  And the second is possession
25   of a firearm which had moved in interstate commerce, being an

1  unlawful user of marijuana.

2  The sentencing guidelines provide that counts can be
3  grouped; and here, the presentence report groups these.  The
4  Base Offense Level here is 26.  Due to specific offense
5  characteristics, particularly the involvement of a dangerous
6  weapon, there is a two-level increase.  That results in an
7  adjusted offense level of 28.  Mr. Riley gets the maximum
8  downward departure for acceptance of responsibility under the
9  guidelines, and that's a three-level downward departure, and
10 that makes the Total Offense Level 25.

11 The second component under the guidelines is
12 calculation of criminal history.  Now, Mr. Riley has a fairly
13 lengthy criminal history, but none of the offenses of which
14 he's been convicted result in tallyable criminal history
15 points.  And as a consequence, he finds himself in the lowest
16 of the criminal history categories, Criminal History Category
17 I.

18 With A Criminal History Category of I and an offense
19 level of 25, the guidelines would recommend incarceration of 57
20 to 71 months, supervised release of 3 years, a fine of 10,000
21 to a million dollars, and a $100 special assessment as to each
22 count of conviction.

23 Due to Mr. Riley's cooperation with the Government,
24 the Government has moved for a downward departure pursuant to
25 Section 5K1.1 of the guidelines and requested that the

1  guideline calculation for the custodial term be reduced to 34
2  months.  I grant that motion based upon the showing made by the
3  Government, both in its written motion and also by way of the
4  oral presentation here in the courtroom today.  That changes
5  the guideline range to a custodial range of 34 months.  With
6  regard to supervised release and fine and special assessment, I
7  take into account not only the guideline calculations, but what
8  I just heard Mr. Riley say.
9           In some sentencing hearings, there is a lot of
10 illusion, or attempts at illusion.  But I can understand why
11 people respect Mr. Riley and why he's a role model to them.
12 Now, Mr. Steinberg referred to Mr. Riley's intellect.  And I
13 think that's probably -- his observations certainly are more
14 persuasive than mine because he knows Mr. Riley better than I
15 do.  But what I see in his statements is something that I think
16 is equally as valuable.  He's real, and he talks about what has
17 happened with a great deal of self-reflection.  That doesn't
18 happen in every sentencing hearing.  And, frankly, I have a lot
19 more confidence in the ability of someone to emerge from prison
20 and change their lives when they can be real.
21          There isn't a person in this courtroom who hasn't made
22 a mistake, and most of us have made serious mistakes.  The
23 question is whether we learned from them and what we plan to do
24 to avoid making those mistakes in the future.
25          What I heard in what Mr. Riley had to say is, one, he

1  recognized the mistake; he recognized the consequences of the
2  mistake on everybody else; he took responsibility for that; and
3  he had a plan to avoid doing that in the future.  And that
4  bodes well.  It takes a lot of courage to stand up in a
5  courtroom and be that honest.
6         Mr. Riley strikes me as a person who has great
7  leadership ability, and the question is what he chooses to use
8  it for.  I hope, Mr. Riley, you'll use it for the benefit of
9  your kids and your grandkids and your community.
10         I find that the sentencing objectives are satisfied
11  here by a statutory sentence under the guidelines of 34 months,
12  a supervised release period of 3 years.  I do not intend to
13  impose a fine because I find that Mr. Riley lacks the ability
14  to pay a fine and because he has dependents that would be
15  harmed by the imposition of a fine.  I do, however, impose the
16  special assessment of $100 per count of conviction.  That's
17  required by statute.
18         So in summary, the sentence here is 34 months of
19  incarceration, 3 years of supervised release with the terms and
20  conditions recommended by the probation officer, and no fine,
21  and a special assessment of $200.
22         Any need for clarification or further explanation?
23         *MR. TILL:*  Not from the Government, Your Honor.
24         *MR. STEINBERG:*  Not from the defendant.
25         *THE COURT:*  Thank you.

1           Then pursuant to the provisions of the Sentencing
2   Reform Act of 1984, it is the judgment of the Court that the
3   defendant, Corey L. Riley, be committed to the custody of the
4   Bureau of Prisons to be imprisoned for a term of 34 months as
5   to Count 1 and a term of 34 months as to Count 23, such
6   sentences to run concurrently.
7           Upon release from imprisonment, he'll be placed on
8   supervised release for a term of 3 years as to each count.  And
9   by operation of statute, those terms will run concurrently.
10  Within 72 hours of release from the custody of the Bureau of
11  Prisons, he'll report in person to the probation office in the
12  district to which he is released.  While on supervised release,
13  he'll not commit another federal, state, or local crime; he'll
14  not possess a firearm as defined in 18 U.S.C. Section 921; and
15  he'll comply with the standard conditions that have been
16  adopted by the Court.  He will not unlawfully possess a
17  controlled substance, he'll refrain from any use of a
18  controlled substance, he'll submit to at least one drug test
19  within 15 days of release on supervised release and two
20  periodic tests thereafter, he'll cooperate in the collection of
21  DNA as directed by the probation officer.
22          And I impose several special conditions that relate to
23  the factors set out in Section 3553(a) and 3583(d).  He'll
24  participate in and successfully complete a program of testing
25  and/or treatment for substance abuse as approved by the

1   probation officer until such time as he is released from the
2   program by the probation officer.  And he'll abstain from the
3   use of alcohol or other intoxicants during the course of
4   treatment.  He'll pay for the cost of treatment to the extent
5   he is directed to by the probation officer.  No fine is imposed
6   for the reasons specified, and he will pay a special assessment
7   of $200, which is due immediately.
8            There was a forfeiture request in this case.  What is
9   it that you'd like to have forfeited?
10           *MR. TILL:*  Your Honor, the preliminary order of
11  forfeiture refers to -- that's Document No. 832 -- firearms and
12  ammunition that were seized July 14 at 2331 Potomac Street,
13  $16,960.00 United States currency also seized on July 14 at
14  2331 Potomac Street -- I'm sorry, I said Potomac.  I should
15  have said Pontiac Street.
16           So those are the items -- the firearms, ammunition and
17  the currency.
18           *THE COURT:*  Any objection?
19           *MR. STEINBERG:*  No, Your Honor.
20           *THE COURT:*  All right.  Then the forfeiture order is
21  entered.
22           Mr. Riley, to the extent that you have a right to
23  appeal, I advise you of your right to appeal at this time.  In
24  order to exercise that right, you have to file a notice of
25  appeal, and you have to file it within 14 days of the date that

```
 1  judgment is entered.
 2          Now, ordinarily, Mr. Steinberg takes care of that.  He
 3  would file the notice of appeal on your behalf.  But if you
 4  have a right to appeal and you wish to appeal and he's unable
 5  or unwilling to file your notice of appeal for you, you can
 6  request and I will direct the Clerk of Court to file a notice
 7  of appeal on your behalf.
 8          Is there any further business to bring before the
 9  Court?
10          MR. TILL:  Not from the Government, Your Honor.
11          THE COURT:  Thank you, Mr. Till.
12          MR. STEINBERG:  Two matters.  One, I would ask that
13  the Court recommend the RDAP program.  He's got a life-long
14  problem with drug use.  I'd ask that.  And then I'm wondering
15  for the sake of his parents, in terms of their ability to see
16  him, if the Court would be comfortable in recommending the camp
17  at Englewood.  He has about -- using my rough math, about a
18  year left.
19          THE COURT:  Thank you.
20          I'm happy to make the recommendation of RDAP.  I will
21  not make a recommendation as to a particular location.  That's
22  not because I'm insensitive to the needs and desires of his
23  parents; it's because I suspect they would agree with me that
24  the most important thing that he needs to work on is
25  maintaining sobriety and coming out of prison a stronger and
```

 1   better person than he went in.  The other reason is because
 2   statistically, not only is the Bureau of Prisons not obligated
 3   to follow any recommendation that I make, my experience has
 4   been that they only follow my recommendations less than half
 5   the time.  And therefore, I may be doing Mr. Riley a disservice
 6   by making a recommendation.
 7            Now, for his family, I want you to know that the
 8   Bureau of Prisons takes into account the location of family;
 9   they also take into account a lot of other items like security
10   issues and bed space and rehabilitation programs.  And because
11   he only has about a year left, he needs to focus on those
12   rehabilitation programs he can participate in.
13            And I would hope, Mr. Riley, with the assistance of
14   Mr. Steinberg, that you'll be very smart in knowing what's
15   available and what you want to participate in and making that
16   known to the Bureau of Prisons so that hopefully you can have
17   access to the programs that will best benefit you.
18            Any need for clarification on that?
19            *MR. STEINBERG:*  No, thank you.
20            *THE COURT:*  Thank you.
21            Then Mr. Riley will be remanded to the custody of the
22   United States Marshal.  Thank you to our probation officer, our
23   marshal staff, our court staff, and, of course, counsel.
24            I wish you good luck, Mr. Riley.
25            We'll stand in recess.

1         *MR. STEINBERG:*  Thank you.

2              (Recess at 4:14 p.m.)

3                    REPORTER'S CERTIFICATE

4

5     I certify that the foregoing is a correct transcript from
the record of proceedings in the above-entitled matter.

6

7     Dated at Denver, Colorado, this 7th day of October, 2013.

8                         s/Therese Lindblom

9                         _____
                          Therese Lindblom,CSR,RMR,CRR
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25